MARGARET C. D. CLARK, by CHARLES L. ANDREWS,
Her Guardian, Petitioner for Partition,

*vs.*

BOSTON SAFE DEPOSIT AND TRUST CO.

Franklin. Opinion November 20, 1917.

*Wills. Waiver of provision of will. Right of waiver being personal. Rule as to guardian being permitted to file waiver.*

1. When the right of dower was abolished and the widow given a right by descent in the estate of her husband, the same statutory provision for waiving the provisions of the will and accepting the rights given to her by law were retained as they had previously existed.
2. The privilege of a widow waiving her rights under the will of her husband is a purely personal right and its exercise rests in her personal discretion alone. If she is non compos her guardian cannot make the election for her.

Petition for partition by guardian of Margaret C. D. Clark, insane adult. Defendant filed statement denying that Margaret C. D. Clark was seized in fee of any part of said premises described in said petition, and setting forth that the title to said premises, for which petition was demanded, was in the defendant under and by virtue of the last will and testament of Franklin J. Clark, husband of said Margaret C. D. Clark. Upon certain agreed statements, case was reported to Law Court for such decision as the law and facts require. Petition dismissed.

Case stated in opinion.

*A. M. Spear, Andrews & Nelson, and F. W. Butler,* for plaintiff.
*Richards & Rollins,* for defendant.

SITTING: CORNISH, C. J., BIRD, HALEY, HANSON, MADIGAN, JJ.

HALEY, J.    This is a petition for partition of a lot of land situated in Farmington, Franklin County, and is reported to this court upon an agreed statement.    The petitioner is the guardian of Margaret C. D. Clark, the widow of Franklin J. Clark, late of said Farmington.

Franklin J. Clark died, leaving property in Maine of the value of ten to twelve thousand dollars and in Massachusetts of the value of about sixty-five thousand dollars.    The only real estate in Maine of which he died possessed is that mentioned in the petition for partition, and was appraised at seven thousand dollars.    His widow has been hopelessly insane for the past fourteen or fifteen years, and has had no lucid intervals.    For several years prior to her husband's death, and ever since, she has been cared for at the McLean Hospital in Waverly, Mass.    By the will of Mr. Clark, which was duly proved and admitted to probate, the defendant was named as executor and trustee and has qualified as such executor and trustee.

By the terms of the will the sum of between forty and fifty thousand dollars was left in trust to the defendant, the income, and any part of the principal which might be necessary, to be used by the said trustee for the comfortable support and maintenance of the widow during her lifetime.

In February, 1915, Charles L. Andrews was appointed guardian of the widow by the Probate Court of Franklin County.    May 22, 1915, an instrument purporting to be a waiver of the provisions of the will of Mr. Clark, signed Margaret D. Clark, by her guardian, was filed in the Probate Court of Franklin County.    The waiver of the widow was ordered dismissed.    The guardian, at the same time he filed the instrument purporting to be a waiver, filed a petition setting forth the facts in regard to the insanity of Mrs. Clark, and stated, "that it would be for the advantage and that her best interest demanded that the said will be waived, and that she receive her distributive share of said estate as the widow of said Franklin J. Clark" . . . , and prayed the court to direct and allow the guardian to waive the provisions of said will and to order them waived for her.    After notice

and hearing, the Judge of the Probate Court made a finding which concluded as follows: "After due consideration of the provisions in said will made for the insane widow, the court is of the opinion that they are ample, and that it would not improve her condition, or the certainty of her proper support and maintenance, should the provisions in said will relating to said widow be waived. For these reasons the prayer of the petitioner is denied."

The provisions of the statute under which the guardian claims to maintain the petition is found in Sec. 13, Chap. 77, R. S., of 1903, (Sec. 13, Chap. 80, R. S., 1916) as follows: "When a specific provision is made in the will for the widow or widower of a testator or testatrix . . . such legatee or devisee, within six months after the probate of said will, . . . may make election and file a notice thereof in the probate court whether to accept said provision or claim the right and interest by descent, herein provided."

A similar provision existed before dower was abolished in this state, whereby the widow had the same privilege of election to accept the provision made in the will for her or to waive it, and when the right of dower was abolished and the widow given a right by descent in the estate of her husband, the same statutory provisions for waiving the provisions of a will and accepting the rights given to her by law were retained. In all the courts in which the subject has been discussed it has been held that the privilege of waiving the provisions of a will and accepting the provisions made by law are the same, whether it is a dower right or a right by inheritance. It has been the practice in this state, without exception so far as we are informed, to consider the widow's right to waive the provisions of her husband's will as personal to the widow, and counsel have failed to cite a case in which the right now claimed by the petitioner has been allowed in any court, except where it has been held that the equity practice conferred upon the court the authority to waive in behalf of a *ncn compos* widow the provisions of her husband's will, or where by statute the authority was expressly given to the guardian; but it is not claimed by counsel that our equity practice grants such authority to the court, and the opinions are unanimous upon statutes similar to ours that the right is personal, that the guardian or court cannot elect or waive for the insane widow.

In *Insurance Co.* v. *Allison*, 108 Maine, page 330, the court said: "The fact that Mrs. Allison personally gave her consent to the decree

may be disregarded, for it is practically conceded and such is the law, that while Mrs. Allison is under guardianship as an habitual drunkard she is incapable of giving consent, the same as if she had been adjudged insane. She is conclusively presumed to be incapable of conducting her affairs. She can not transact any business. She can not make a valid deed or bond. She can not waive the notice of the protest of a bill. She can not waive the provisions of her husband's will, and elect to take dower. She cannot do anything which involves the exercise of discretion and judgment . . . . The exercise of the right is an election, and involves the exercise of judgment, to do which Mrs. Allison is incapable. . . . . The right to consent was personal to her. She might exercise it or not, according to her fancy or her judgment. No one else could exercise it for her, in the absence of statute authority, except under the decree of a court having jurisdiction to authorize its exercise."

In *Crenshaw* v. *Carpenter*, 69 Ala., 572, reported in 44 Am. Rep., 539, it is stated that the right of the widow to waive the provision made for her in her husband's will in lieu of dower is personal, and if she is insane her right is defeated. The court cited many opinions to sustain the above proposition, and also quoted from Scribner on Dower, 469, as follows: "Except where otherwise provided by law, the statutory right conferred upon the widow, in cases of the character now under consideration, is regarded as a strictly personal right, and can not be exercised by another person in her behalf. In the application of this rule, it has been held, that the incapacity of a widow to elect by reason of insanity, furnishes no sufficient cause for its relaxation. IX Ruling Case Law, page 104, states: "The right of election is personal to the widow. If she is *non compos mentis*, the guardian can not make the election for her."

The privilege of a waiver is purely a personal right, and its exercise rests in her personal discretion alone. *Pinkington* v. *Sargent*, 102 Mass., 68; *Sherman et als.* v. *Newton, Exr.*, 72 Mass., 308; *Penhallcw* v. *Kimball*, 61 N. H., 596; *Kennedy* v. *Johnson*, 60 Pa., 450; *Griswold* v. *Butler*, 3 Conn., 227; *Welch* v. *Anderson*, 28 Mo., 293; *Van Steenwyck* v. *Washburn*, 59 Wis., 483; *Crozier, Applet.*, 90 Penn. St., 384, 35 Am. Rep., 666.

In view of the statement in the petitioner's brief that, "in Massachusetts the court has decided, upon a similar statute, squarely against us, in like manner have several other states. And I find no

state where the precise question in controversy has been decided in our favor," it is useless to cite further authorities on the proposition that the right is personal and cannot be exercised by the guardian.

But the petitioner contends that *Brown* v. *Hodgdon*, 31 Maine, 66, is authority for the position here assumed, and, in a very ingenious argument, attempts to demonstrate it by assuming that the allegations in the reason of appeal in that case, that the widow for a long time "before the decease of her said husband was and ever since has been insane," was proved although the court did not so decide, as the opinion states. And further assuming that the widow did not claim dower, although the opinion shows, on page 66, that the petition for allowance set forth the fact that she had, and if the waiver which she signed was the same (as it undoubtedly was) as the waiver signed by the guardian for the ward in this case, it was a waiver of the provisions of the will and an election and a claim of dower. Assuming these statements to be true, it is a very ingenious argument, but in *Van Steenwyck* v. *Washburn*, supra, the court discussed *Brown* v. *Hodgdon* and said: "It is apparent the case fails to sustain the position to which it is cited, that the guardian may elect," and in *Pinkington* v. *Sargent*, supra, the court discussed *Brown* v. *Hodgdon* and construed the opinion as against the claim of the plaintiff in this case, in which construction we concur.

For the purposes of argument, assuming the facts in *Brown* v. *Hodgdon* were as the petitioner claims, it is very apparent that it was contrary to all authority at the time, and an irregular proceeding that has never been followed by the courts of the state, or of any other state, cannot establish the proposition contended for because an irregular proceeding does not create a precedent. The rule has been changed in some of the states by statute, and many states now allow the guardian of an insane widow to waive the provisions of the will made in her behalf, in some cases, when it appears to him, and, in others, when it appears to the court, that the best interests of the insane widow requires it. It is seldom done for the benefit of the relatives of the insane widow. But in the absence of any statute in this state authorizing it, we adopt the language from *Crossier, Appellant,* supra, "that the law has been so understood and practiced without challenge for the last century, is apparent from the fact, that a similar claim has never been made with sufficient zeal to establish a precedent."

*Petition dismissed.*