FIRST NATIONAL BANK OF ST. PETERSBURG, FLORIDA, as Guardian of the Estate of ALICE D. HILL, an insane person, and ALICE D. HILL, by her Guardian as aforesaid, *Appellants,* v. MARGARET A. MacDONALD, et al., as surviving executors of the last will and testament of WILLIAM H. HILL, deceased, *Appellees.*

Division A.

Opinion filed October 10, 1930.

On Petition for Rehearing.

*Booth & Dickenson* and *Mabry, Reaves & White,* for Appellants;

*Bilger & Glazier,* of St. Petersburg, Florida, and *Lodge & Brown,* of Detroit, Michigan, for Appellees.

## On Petition for Rehearing

TERRELL, C. J.—William H. Hill of St. Petersburg, Florida, died testate in July, 1929, leaving a large and valuable estate. Soon after the testator's death his wife became insane and the appellant was duly appointed as guardian of her person and estate. Mr. and Mrs. Hill had

no children and except a sister of Mr. Hill no relations nearer than nephews and nieces. After making liberal provision for his wife and bequests to some relatives and friends the testator bequeathed the remainder of his estate to educational and charitable institutions. The guardian of Mrs. Hill elected for her to dissent from the provisions of the will in her behalf and to take dower as provided by statute. Petition was then submitted to the probate judge to confirm such election when the executors of the will intervened; but on hearing testimony from both sides the probate judge confirmed and approved said election. On appeal to the circuit court the order of the probate judge was reversed and appeal was taken to this Court which by Per Curiam order filed August 6, 1930, affirmed the decision of the circuit court.

Three questions are brought here for our adjudication, viz: (1) Can the guardian of an insane widow or the court for her elect to dissent from the terms of her husband's will and to take dower as authorized by Section 3629 Revised General Statutes of 1920 (Section 5493 Compiled General Laws of 1927), or is such election personal to the widow. (2) If such election can be made by the guardian or the court for the insane widow must it be done through the probate judge's court or must it be made through a court of chancery. (3) Under the facts in this case was the guardian or the court for the insane widow warranted in dissenting from the terms of the will for the purpose of taking dower under the statute.

We will treat questions one and two together. That part of Section 3629 Revised General Statutes of 1920 (Section 5493 Compiled General Laws of 1927) which authorizes the widow under the circumstances therein named to dissent from the terms of her husband's will, in effect provides that if the husband shall die testate and not make

provision in his will satisfactory to his widow she "may signify her dissent thereto in the circuit court or county judge's court of the county wherein she resides at any time within one year after the probate of such will; and then and in that case she will be entitled to dower."

It is also provided under our law that in all cases where the widow of a deceased person shall be entitled to dower she may take in lieu thereof a child's part. Section 3632, Rev. Gen. Stats. of 1920 (Section 5496, Comp. Gen. Laws of 1927). The right accorded the widow under both these statutes is personal and absolute to her and, if exercised as the statute provides, is incontestible by devisees, legatees, heirs, or creditors. Bowers v. McGavok, 114 Tenn. 438, 85 So. W. R. 893; Donald v. Portis, 42 Fla. 29; Crenshaw v. Carpenter, 69 Ala. 572; Clark v. Boston Safe Deposit & Trust Company, 116 Me. 450, 102 Atl. R. 289; Flynn v. McDermott, 183 N. Y. 62, 75 N. E. R. 931. A sheaf of other decisions support this view.

If the statute in terms extended the right to renounce to the guardian or other representative of the insane widow the same rule might apply, but our statute does not in words or by fair implication extend the right to renounce the provisions of the husband's will to his insane widow or to her guardian for her. When the right of renunciation is not thus extended a court of equity may on proper showing made elect to renounce for her. Pomeroy's Equity Jurisprudence (4th Ed.), Vol. 1, paragraph 510 and cases cited; Van Steenwyck v. Washburn, 59 Wis. 483, 17 N. W. R. 289; In re Connor's Estate, 254 Mo. 65, 162 So. W. R. 252; In re Reeves' Estate, 10 Del. Ch. 324, 92 Atl. R. 246; Miller v. Keown, 176 Ky. 117, 195 So. W. R. 430.

But appellant contends that under the law of this State jurisdiction to dissent from the provisions of the husband's will for the benefit of the insane widow rests in the probate

courts. We do not think this contention is well grounded. We find no constitutional or statutory provision supporting it, the probate court is a court of limited jurisdiction and has no chancery jurisdiction unless the power vested in it is a chancery as well as a probate power, Mott v. First National Bank of St. Petersburg, 98 Fla. 444, 124 So. R. 36. It is quite true that county judge's courts exercise general powers as judges of probate, have jurisdiction of the estates of infants, and may appoint and control guardians of idiots and lunatics, Fiehe v. Householder Co., 125 So. R. 2; Section Seventeen, Article Five, Constitution of Florida, Sections 3968 and 3991, Rev. Gen. Stats. of 1920 (Sections 5888 and 5913, Comp. Gen. Laws of 1927) but as we shall later show, these are essentially different matters from exercising the election to dissent from the provisions of the husband's will in behalf of the insane widow. In the absence of statute providing for election in the probate court the decisions are practically unanimous in holding that it must be exercised in a court of general equity jurisdiction. In re Connor's Estate, *supra;* Davis v. Mather, 309 Ill. 284, 141 N. E. R. 209; Van Steenwyck v. Washburn, *supra;* In re Brookes' Estate, 279 Penn. 341, 123 Atl. R. 786.

Under the common law equity had the care of the persons and estates of idiots and insane persons. Our Constitution contemplates both common law and equity jurisdiction. Under our scheme of jurisprudence circuit courts which are also courts of chancery are clothed with "supervision and appellate jurisdiction of matters arising before county judges, pertaining to their probate jurisdiction, or to the estates and interests of minors." Our circuit courts also have "exclusive original jurisdiction in all cases of equity" and as was said in a splendid opinion by the chancellor below, the questions involved in this case require the application of the nicest principles of equity jurisprudence.

An insane widow or one acting for her does not come into a court of equity for the purpose of renouncing her husband's will on like terms and in the same legal status as if she were sane. As to the same widow we have shown that the act of renunciation is personal, absolute, and incontestible. The same right might be exercised by her guardian for her if specifically directed by statute; but our statute not having so directed she is left to her remedy in a court of equity. When made by a court of equity election is no longer personal and voluntary but must be predicated on some ground of equity shown to exist in favor of the widow, and of which she is deprived by the will. In determining whether such equity exists the chancellor will be guided by what is to the best interest of the afflicted widow.

In determining what is for the best interest of the afflicted widow, the chancellor will generally be influenced by these considerations: (1) The husband's right to dispose of his estate is limited by the right given the widow to renounce the provisions of the will in her behalf and take under the statute but the sole reason in law for giving the widow the right to renounce is to insure ample provision for her personal needs and comforts. (2) Her personal needs and comforts may not be confined to pure monetary considerations. (3) The matter of enriching the widow's estate and passing something to her kinspeople has no place in the chancellor's consideration. (4) The kinspeople of the wife have no claim direct or indirect on the estate of the husband. (5) The fact that a permanently insane widow knows nothing of the value of money, cannot use it with discretion, and has no need for money nor property save to furnish ample comforts and needs may be considered. (6) It may also be borne in mind that when the husband has made ample provision for his insane wife he has an inherent right to dispose of his property as he pleases, pro-

vided the disposition will not be contrary to public policy. Other considerations will no doubt arise from time to time. In re Connor's Estate, *supra;* Penhallow v. Kimball, 61 N. H. 596; Emmert v. Hill, 226 Ill. App. 1.

In addition to the foregoing there is another point which has a very grave bearing on our disposition of questions one and two. It is the right to elect between the provisions of the will and the statute. It has reference to the obligation imposed on a party to choose between two inconsistent or alternative rights or claims, in cases where there is a clear intention of the person from whom he derives one, that he should not enjoy both. The doctrine of election presupposes a plurality of gifts or rights, with an intention, expressed or implied, of the party who has a right to control one or both, that one should be a substitute for the other. Black's Laws Dictionary. The right of election is personal and involves choice which is predicated on knowledge and discrimination. Stephens v. Gibbs, 14 Fla. 331.

An exercise of the right of election under the circumstances presented in this case involves the application of equitable principles that have their root deep in the equity jurisprudence of England, principles that indeed were old when the Cavaliers cast anchor off Jamestown, and the Pilgrims off Cape Cod. The conclusion is, therefore, inescapable that in this state the jurisdiction of a court of equity must be invoked to determine when and under what circumstances the will of the husband may be renounced in the interest of the insane widow and that the absolute right of the sane widow to renounce the provisions of the husband's will and take under the statute is personal to her and does not extend to her guardian for her.

The premises considered, was there sufficient showing for the chancellor to renounce the will in this case. The record discloses that the will disposed of an estate valued at about

two million dollars, most of which was in personal assets. The widow was devised the use of the homes and furnishings in Detroit and in St. Petersburg for life. She was also given the automobiles and the income from four hundred thousand dollars in bonds for life which amounted to twenty thousand dollars annually. Some personal legacies were also bequeathed but the major portion of the estate went to educational and charitable institutions. The record also discloses that the contents of the will were known and approved by Mrs. Hill before she was adjudged insane and that she fully approved of the disposition of the estate as outlined therein and was in sympathy with the purpose of the beneficiaries named in the will. The will made ample provision for the widow and no legal or equitable considerations are shown for an election to take against the will of the deceased husband.

For the reasons announced in this opinion the rehearing is denied.

ELLIS AND BROWN, J. J., concur.

WHITFIELD, P. J., AND STRUM AND BUFORD, J. J., concur in the opinion and judgment.