HAMILTON NAT. BANK *v.* HAYNES *et al.*

(*Knoxville,* September Term, 1943.)

Opinion filed October 2, 1943.

GREEN, WEBB, BASS & McCAMPBELL, of Knoxville, for Fidelity-Bankers Trust Co., executors of James W. Jennings, deceased.

JOEL H. ANDERSON, of Knoxville, for W. P. Haynes, Jr.

CATES, SMITH & LONG, of Knoxville, for Hamilton Nat. Bank.

MR. JUSTICE NEIL delivered the opinion of the Court.

On September 18, 1941, Nellie H. Jennings' will was probated in the County Court of Knox County and the Hamilton National Bank qualified as executor and trustee. The testatrix directed her executor and trustee to use her entire estate, consisting of approximately $300,000, for the care of her husband, James W. Jennings, during his lifetime. The residue was bequeathed to a number of persons and two charitable institutions. James W. Jennings survived the testatrix for only two months. On September 29, 1941, P. B. Jennings, a brother of James W. Jennings, qualified as his guardian in the County Court, he being adjudged an incompetent.

On October 11, 1941, the Hamilton National Bank, executor and trustee, filed its original bill in the Chancery Court of Knox County, seeking a construction of the will of Nellie H. Jennings. The said P. B. Jennings, guardian of James W. Jennings, was made a defendant, as well as other beneficiaries named in the will.

On November 19, 1941, the will of James W. Jennings was probated in the County Court and the Fidelity Bank & Trust Company qualified as executor and trustee of his estate.

Upon his qualification as guardian of James W. Jennings, the said P. B. Jennings filed his petition in the County Court under Code, section 8363, alleging that it would be to the interest of his ward to dissent from the will of Mrs. Nellie H. Jennings, and praying that the Court grant a dissent. Upon the death of James W. Jennings, his executor and trustee took over his estate. The said executor, etc., thereupon filed a petition in the instant case praying that the Chancellor exercise his discretion in

ordering a dissent on behalf of its decedent, James W. Jennings. The Chancellor entered a decree construing the will of Mrs. Nellie H. Jennings and denied to petitioner the right to dissent from the will. The Court of Appeals affirmed the decree of the Chancellor and this is assigned as error in the petition for *certiorari*.

The petition involves the construction and interpretation of certain sections of the official Code that took effect in January, 1932, as follows:

"8358. *Dissent from will, and endowment.*—A widow may dissent from her husband's will:

"(1) Where a satisfactory provision in real or personal estate is not made for her; in which case she shall, in writing, signify her dissent in open court, to be entered of record, within one year after the probate of the will.

"(2) Where a provision in personal estate is made for her, but the whole of the husband's property, including the bequest, is taken for the payment of his debts; in which case, without any formal dissent, she may sue for her dower."

And in either case, she shall be endowed and provided for as if her husband died intestate, and shall be entitled to her distributive share as provided in section 8360.

"8359. *Husband may dissent from the will of his wife, and take share in her personalty.*—The husband may likewise dissent from the will of his wife within one year after the probate thereof, and in which case if the wife died leaving no child or not more than two, the husband shall be entitled to one-third part of her personal estate, in addition to his curtesy in the real estate as provided by law. But if the wife has more than two children, the husband shall share equally with all the children in said personal estate, he being entitled to a child's part.

"8363. *Effect of insanity or minority.*—If the widow or husband be insane, or be under the age of twenty-one years, at the time the will is admitted to probate, upon a petition filed by a guardian, committee or next friend of either, within one year from probate, or within any extension period so granted, alleging that it would be to the interest of either to dissent from the will, the county court is empowered to appoint a guardian *ad litem* and hear proof and to declare a dissent or against same, and enter judgment accordingly, subject to appeal.

"8364. *Effect of death.*—In event either the widow or husband die after the death of the spouse-testator and before the time for dissent expires, the personal representative of the widow or husband may, in like manner and every respect, seek the guidance of the court respecting a dissent, with like authority to the court."

It cannot be doubted that ample provision was made for petitioner's decedent in the will of Mrs. Jennings. The will of the testatrix did not vest in decedent a legal life estate, but directed her executor and trustee to use the property for his care and maintenance, i. e., an equitable life estate. Petitioner has assigned a number of errors to the judgment and decree of the Chancellor and the Court of Appeals: (1) "The Court of Appeals held that Code, sections 8363 and 8364 did not create a new right to dissent on behalf of the surviving husband." (2) "The Court of Appeals erred in holding 'that the right of dissent is a personal right—What was for the best interest of a surviving spouse during his or her lifetime?'" (3) "The Court of Appeals erred in holding that the matter must be viewed as though James W. Jennings were living." The other assignments negative the foregoing assignments (1), (2) and (3), contention being made that the Court should have held to the contrary.

 Upon a careful review of the authorities, particularly our own decisions, the right of dissent is a personal right and must be exercised strictly and within the time prescribed by the statute. *Bowers* v. *McGavock*, 114 Tenn., 438, 85 S. W., 893; *Harry* v. *Green*, 28 Tenn., 182; *Collins* v. *Carman*, 5 Md., 503; *Wright* v. *West*, 70 Tenn., 78, 80, 31 Am. Rep., 586. In *Bowers* v. *McGavock*, *supra* [114 Tenn., 438, 85 S. W., 897], it was said, ''that the right of election to take under the will or under the statute is *personal to the widow*, and does not pass to the representatives or heirs.'' (Italics ours.) Code section 8359 gives to the surviving husband the right of dissent, the same right as is given to the surviving widow under Section 8358, and it is a personal right in the husband. Where the surviving spouse be insane or under the age of twenty-one years, at the time the will is admitted to probate, or within one year thereafter, the County Court is empowered by Code, section 8363 to hear proof upon petition filed by the guardian or next friend and ''to declare a dissent or against same, and enter judgment accordingly, subject to appeal.'' It is clear that the Court is authorized to thus speak for the insane or minor spouse, his discretionary judgment being governed by proof as to what is for his or her best interest. Prior to the enactment of the official Code of 1932, the administrator or executor of the decedent spouse of a testator could not dissent from the will as a matter of right, nor could there be a dissent on behalf of an infant or a lunatic by his or her guardian. As is clearly pointed out in *Williamson* v. *Nelson*, Tenn. Ch. App., 62 S. W., 53, 58, 59, the County Court was without jurisdiction; ''the assertion of such rights . . . belongs exclusively to a court of equity.'' Jurisdiction of the

Chancery Court was often invoked on behalf of the surviving widow on the grounds of fraud whereby she was prevented from exercising her personal right to dissent within the statutory period, or where such spouse was a lunatic and was without any guardian or committee to act for her. In all such cases, if the widow was *sui juris* she was, because of fraud and deceit, allowed to dissent as a matter of right, the court never inquiring into the question of whether or not it was for her best interest. She was fully qualified to act for herself and exercise her own judgment without the aid of the court; but in all cases where such spouse was an infant or a lunatic, the court looked to the best interest of the petitioner. It was so held in *Williamson* v. *Nelson, supra.* In *Wright* v. *West, supra,* it was held that the matter of election being a judicial, not a ministerial, act, it belonged to the court having jurisdiction. The effect of Code, sections 8363 and 8364 was to extend the jurisdiction to the County Court, authorizing guardians and next friends of persons under disability, as well as their executors and administrators, to seek the guidance of the court in the matter of dissent. While it may be said that the right exists independent of the statute, or, considering that the statute confers it, the incompetent is wholly incapacitated to exercise it. Only the court having jurisdiction of the matter is qualified to speak and in so doing must act for the best interest of the minor, lunatic, or decedent. The sections of the Code we are called upon to construe in no way change the well-settled rule that the Court must look to the best interest of the decedent during his or her lifetime.

It is earnestly insisted by petitioner that Mrs. Jennings left an estate in excess of $300,000. "There was sufficient personalty so that if dissent is allowed the estate

of James W. Jennings would receive around $60,000.00. By reason of his early death, actually, under the support clause of the will, he received only $1900.00.'' The disparity here mentioned is necessarily due to the fact that Mr. Jennings lived only two months after the death of his wife. Had his life extended over a period of years, the situation would have been entirely different. As we have herein pointed out, the Court in dissenting for the spouse under disability must be governed by the interest of such spouse. The same rule must apply where application is made by the administrator or executor. The Court is not at all interested in authorizing a dissent from the will for the purpose of enriching the estate of such deceased person for the benefit of his or her heirs and next of kin. When petitioner filed its petition praying for a dissent from the will, it was clear to the learned Chancellor and to the Court of Appeals also that dissent would enrich only the heirs and next of kin of the said James W. Jennings, to the loss and serious detriment of the beneficiaries of the will of Nellie H. Jennings. The great weight of authority fully supports the decree of the Court of Appeals.

In Page on Wills (2d Ed.), Vol. 2, Sec. 1200, p. 320, it is said: ''Where the court elects for the beneficiaries by reason of their incapacity to make election, the court will look only to the benefit of those who are incapacitated to make the election, and will not consider what election will be beneficial to other parties in interest. The court may elect a life estate in all the property in preference to an absolute interest in one-half. If the income is ample, the court may elect to take under the will, though the income would be somewhat greater if the election were against the will, it is said there will be a preference for taking

under the will, if taking against the will is not clearly more advantageous to the beneficiary, and even where the income would be vastly greater if the election were against the will. The last result is reached, in part, on the theory that the court should take into consideration the regard which the widow would have probably had, if sane, for the wishes of her husband. Equity will set aside an election which is made by a guardian in bad faith.''

The foregoing statement of applicable law is fully supported by the following well-considered cases: *Van Steenwyck* v. *Washburn*, 59 Wis., 483, 17 N. W., 289, 48 Am. Rep., 532; *In re Connor's Estate*, 254 Mo., 65, 162 S. W., 252, 49 L. R. A. (N. S.), 1108; *Penhallow* v. *Kimball*, 61 N. H., 596; *Fidelity Trust Co.'s Appeal*, 250 Pa., 9, 95 A., 320; *First Nat. Bank* v. *MacDonald*, 100 Fla., 675, 130 So., 596; *Ramsey's Ex'r* v. *Ramsey*, 243 Ky., 202, 47 S. W. (2d), 1059.

Finding no error in the decree of the Court of Appeals, *certiorari* must be denied.