## In re SAPIENZA'S ESTATE.

County Judge's Court, Palm Beach County.

August 10, 1954.

Burns, Middleton & Rogers, West Palm Beach, for petitioner.

Wideman, Caldwell, Pacetti & Robinson, West Palm Beach, for the estate.

RICHARD P. ROBBINS, County Judge.

James C. Sapienza and his wife Rosalie P. Sapienza were involved in an automobile accident in Virginia as a result of which Mr. Sapienza died on June 17, 1951. His widow died the following day, June 18, 1951. Both died intestate. The heirs at law of James C. Sapienza are his widow, who survived him for one day, and three children by a former marriage. The heirs at law of Rosalie P. Sapienza are four children by a former marriage. All children of both decedents are over the age of 21 years, and as far as the record discloses the children of the widow are self sustaining, were not dependent upon their mother for support.

The appraisers value the estate of James C. Sapienza at $119,-929.48, which is subject to a certain claim filed in the sum of $40,468.68. The last annual return in the estate of Rosalie P. Sapienza shows a balance of $397.88, after payment of debts, and the time for filing claims has expired.

On October 12, 1951, within the time provided by statute for the filing of an election to take dower, Michael Pucciarelli, as administrator of the estate of Rosalie P. Sapienza, filed such an election in the estate of James C. Sapienza, and again on November 2, 1951, still within the time, he filed an election as one of the heirs at law of Rosalie P. Sapienza.

This cause is before me now on the petition of Michael Pucciarelli as such administrator and heir at law for an assignment of dower and the answer of John T. Sapienza, as administrator of the estate of James C. Sapienza, and individually, denying the right to such an assignment.

It appears from the pleadings and evidence produced before the court that the claim filed against the estate is secured by a first mortgage on the real estate, executed by both James C. Sapienza and Rosalie P. Sapienza, and on the furniture, fixtures and personal property, by a chattel mortgage executed by James C. Sapienza, to finance the purchase thereof.

While much argument and extensive briefs have been directed herein to the question whether the widow's dower should be computed on the gross or net value of the real and personal property which is subject to the mortgage liens, the first question to be decided is the right of the administrator as such and as an heir at law of the widow's estate to have a judgment for dower against the estate of his stepfather.

Section 731.35(2), Florida Statutes 1951, provides in pertinent part as follows—

> * * * If the widow shall die prior to the expiration of the time allowed for the filing of her election to take dower in lieu of the provisions of the will of her husband or under the law of descent and distribution, and shall not have filed such election, then the same may be filed at any time before the expiration of such period by any person who has a beneficial interest in the estate of such deceased widow, and such election shall be granted or rejected by the County Judge as the best interest of the parties entitled to participate in the estate of the deceased widow may require.

Before the enactment of subsection 2 of section 731.35 above quoted and the enactment of section 745.23, Florida Statutes 1945,

there was no power in the probate court to authorize or approve the filing of an election or the assignment of dower, in an estate where the widow was incapable, because of mental incompetency or death to make such election in her own behalf. This power was inherently in the courts of equity.

Now that discretion has been vested in the county judge to grant or reject such an election the question arises as to the principles of law which should govern the exercise of this discretion. It is noted that the statute provides that the county judge consider what the interest of the parties entitled to participate in the estate of the deceased widow may require.

In the instant case all of the debts of the widow appear to have been paid, and the only result of granting the dower applied for would be to reduce the inheritance of the heirs at law of the decedent to the enrichment of his stepchildren through the widow's estate. Is this such an interest as would require the exercise of the court's discretion in their behalf? The record does not disclose that any of these stepchildren are in poverty or need of any kind.

Our Supreme Court seems to have accepted the rule that when a man has made ample provision for his widow he has an inherent right to dispose of his property as he pleases, provided the disposition is not contrary to public policy. In the absence of a will to the contrary I believe it must be presumed that the intestate wished his estate to descend to his heirs at law in such proportions as are provided by the statutes of descent and distribution.

In First National Bank of St. Petersburg v. MacDonald, 130 So. 596, the Supreme Court stated—"The husband's right to dispose of his estate is limited by the right given the widow to renounce the provisions of the will in her behalf and take under the statute, but the sole reason in law for giving the widow the right to renounce is to insure ample provision for her personal needs and comforts. . . . The matter of enriching the widow's estate and passing something to her kinspeople has no place in the chancellor's consideration. . . . The kinspeople of the wife have no claim direct or indirect on the estate of the husband."

If it had been shown that there were unpaid debts against the widow's estate or dependent children of the widow in need of the increase that her estate would derive from the granting of dower, in the light of the provision of the statute enacted subsequent to the decision just quoted I might have taken a different view of the requirements under the statute, but in the case at bar it is my conclusion that the petition for assignment of dower should be denied and the election to take dower rejected, and it is so ordered.

Having determined that those entitled to participate in the estate of the widow are not entitled to dower in the estate of James C. Sapienza, it becomes unnecessary to determine whether or not such dower would have been admeasured upon the gross or net estate.