346 So.2d 1047 (1977)
Philena C. COHEN, Appellant,
v.
Max B. COHEN, Appellee.
No. 76-1037.
District Court of Appeal of Florida, Second District.
May 27, 1977.
Rehearing Denied June 27, 1977.
*1048 Helen S. Hansel and Cynthia R. Young, the Law Offices of Helen S. Hansel, St. Petersburg, for appellant.
No appearance for appellee.
OTT, Judge.
Appellant, Philena C. Cohen, appeals the final judgment entered in favor of appellee, Max B. Cohen, terminating separate maintenance payments by appellee to appellant and granting a dissolution of marriage between appellant and appellee. We affirm in part and reverse in part.
In 1966, appellant filed an action for separate maintenance. Appellee counterclaimed for divorce. The trial court denied the counterclaim and awarded appellant $500 per month separate maintenance. The court retained jurisdiction for enforcement of the final decree.
In 1971, appellee filed a separate action for divorce but did not pursue the suit.
In August, 1975, appellee's attorney, at the instance of appellee's daughter, filed a petition for modification of the 1966 final decree awarding appellant separate maintenance. A hearing was held on the petition on August 18. Testimony at that time established that appellee had been in declining health for the past several years and was now incompetent and obviously unemployable. Appellee's daughter was appointed guardian ad litem for appellee. She then filed an answer as guardian ad litem the effect of which was to ratify the employment of counsel to seek modification of the separate maintenance decree and to continue or revive the 1971 suit for divorce. At the final hearing ample evidence was presented supporting the trial court's determination that the appellee had no immediate funds, no income other than social security and VA, was unemployable and continued to be incompetent.[1] At the conclusion of the final hearing the trial court entered an order terminating the separate maintenance payments and dissolving the marriage.
Generally, modification of alimony, separate maintenance or support payments may be sought only by the parties to the decree. See Section 61.14, Florida Statutes (1975). However, the state and the courts, sitting as courts of equity, are charged with the responsibility of protecting an incompetent and his property. American Surety Co. v. Andrews, 152 Fla. 638, 12 So.2d 599 (1943); See 17 Fla.Jur. Insane and Other Incompetent Persons *1049 §§ 3, 18, 54 (1959). A court appointed guardian of an incompetent may initiate and maintain an action to preserve his ward's property. If the guardian can establish that the equities are in favor of and that the relief requested is in the best interest of his ward, the court is authorized to grant relief. See First National Bank v. MacDonald, 100 Fla. 675, 130 So. 596 (1930). We hold that this extends to the right, under appropriate circumstances, to seek modification of the separate maintenance award. Since appellant has not shown the ruling of the trial court terminating separate maintenance payments to be an abuse of discretion or otherwise erroneous, that part of the final judgment is affirmed.[2]
We agree with appellant, however, that a guardian cannot initiate or maintain a suit seeking dissolution of his ward's marriage. This court considered and determined this proposition in Wood v. Beard, 107 So.2d 198 (Fla. 2d DCA 1958). The issue in Wood was whether a guardian ad litem may pursue a divorce action for a petitioner who was competent when he filed the petition but who was adjudged incompetent during the pendency of the action. We held that one seeking a dissolution of marriage must remain capable, throughout the proceedings, of effectively participating in the litigation and of exercising his reason and will to terminate or continue the suit as he chooses.
Where an injured spouse is adjudged insane during the pendency of a divorce suit, although consent having been expressed by him through his institution of the action prior to adjudication of mental incompetency, he nevertheless lacks the will to exercise the all important prerogative of condonation; he lacks the will to effect a reconciliation; and he lacks the comprehension necessary to participate in prosecution of the action begun. In short, he lacks the will to proceed with or desist from the divorce action instituted or to exercise the right of condonation.
Wood, supra, at 201; accord, Scott v. Scott, 45 So.2d 878 (Fla. 1950). Accordingly, that part of the final judgment granting dissolution is reversed.
Affirmed in part, reversed in part.
HOBSON, Acting C.J., and GRIMES, J., concur.
NOTES
[1] It should be noted that appellant has reduced previous arrearages to judgment which were then filed as judgment liens against assets of the appellee which were held in trust (either owned individually by appellee or jointly with appellant) and were the subject of independent legal proceedings by the United States I.R.S. for unpaid income taxes of appellee.
[2] The trial court need not expressly reserve jurisdiction to modify an award of separate maintenance. See Kosch v. Kosch, 113 So.2d 547 (Fla. 1959); § 61.14, Fla. Stat. (1975).