441 So.2d 1105 (1983)
In re the ESTATE OF Lester O. SCHRIVER, Deceased.
Louise A. SCHRIVER, Appellant,
v.
Merritt L. SCHRIVER, Etc., Appellee.
No. 83-42.
District Court of Appeal of Florida, Fifth District.
November 3, 1983.
Rehearing Denied December 2, 1983.
Stewart Andrew Marshall, III, of Stewart Andrew Marshall, III, P.A., Moreland, Palmer & Marshall, a partnership including professional associations, Winter Park, for appellant.
John DeM. Haines of Winderweedle, Haines, Ward & Woodman, P.A., Winter Park, for appellee.
*1106 DAUKSCH, Judge.
This is an appeal from an order in a probate case. The question on appeal is whether the donee of a Durable Family Power of Attorney can make a binding election for the donor/widow to take an elective share of the widow's deceased husband's estate. The trial court said no; we say yes.
In 1974 the legislature created a new power of attorney called a durable family power of attorney which was a means by which the family members could help a potentially disabled or incompetent person in handling that person's legal, business and property affairs.[1] This law has the beneficial effect of avoiding the time, expense and embarrassment involved in having to establish guardianships for incompetent persons. The power to act under a durable family power of attorney may be conferred on only certain family members and the statute is explicit in what cannot be done by the donee. It is not specific as to what can be done. Essentially the only property not "subject to" the durable family power of attorney, according to the statute, is homestead property held in tenancy by the entirety. Even that can be alienated with the joinder of the spouse, when Section 709.08(3), Florida Statutes (1981) is considered in its entirety. The essential difference this statute creates between the usual general power of attorney and a durable family power of attorney is that the latter allows the continued authority to act during a period of incapacity or incompetency, except as the statute otherwise provides. See § 709.08(2), Fla. Stat. (1981).
The durable power of attorney in this case was executed in July, 1981 and authorized the donor's daughter to "execut(e) ... any instrument which may be requisite ... to effectuate any ... thing pertaining ... to me." Of course, it does not say so in such words  the words used *1107 are obviously meant to be all-inclusive to allow the donee to do any legal act the donor could do on her own. We interpret the statute and document to authorize the donee's signing documents which secure and protect any legal interest of the donor.
Lester O. Schriver died in August 1981 some two months after executing his will which left nothing to his wife of five years, Louise. The will said:
It is my intent that my present wife, Louise Schriver, should not participate in my estate in that her own estate is entirely adequate to provide for her care. It has been our desire during our relatively short marriage that our estates should remain separate and pass to our respective children.
In September, 1981, Nancy Trull, Louise's daughter by another marriage signed an "election to take elective share" for her mother pursuant to the "durable power of attorney," a certified copy of which was attached to the election. Section 732.201, et seq. covers the surviving spouse's rights to an elective share of a decedent's estate and is designed to permit such spouse to get a greater share of the decedent's estate than she might be able to get under a will. This is what happened here  the will excluded the spouse and she, through her attorney in fact, chose to take the statutory elective share, which consists of 30% of the fair market value of the estate property after deductions for claims and liens against the estate and its assets. See: §§ 732.206, 732.207, Fla. Stat. (1981).
In our consideration of this case we have weighed the arguments of the parties and considered the intent of the legislature as we perceive it. The appellee makes an argument that we should look to the intentions of the testator and cause his will to be enforced. Appellee cites First National Bank of St. Petersburg v. MacDonald, 100 Fla. 675, 130 So. 596 (1930), and emphasizes that this case declared that the guardian of a widow could not elect for the widow to take her dower rights as opposed to under a will. The court said only the widow herself could do that. MacDonald was decided before we had elective shares, before dower was abolished, before Section 732.210[2] was enacted and without regard to any of these things. MacDonald holds: "our statute does not in words or by fair implication extend the right to renounce the provisions of the husband's will to his insane widow or to her guardian for her." 130 So. at 598. When this statement and the current statutory provisions are considered together we are compelled to the conclusion that MacDonald is supportive of appellant's position, and this opinion, rather than appellee's. In Section 732.210, Florida Statutes (1981) the legislature expressly gives two persons the power to exercise an election: the surviving spouse or the guardian of her property. Paraphrasing MacDonald, the current statute on elective share clearly in words authorizes someone other than the widow herself to make the election. The holder of a durable family power of attorney is appointed by the donor of the power, and essentially performs the same functions as would a court appointed guardian. While not a "guardian" in the legal sense, the attorney in fact has fiduciary duties similar in nature.
Without regard to exactly who the legislature meant in Section 732.210(2), and even if it meant the more restrictive court appointed guardian of the property, we find it easy, and more appropriate, to say that the donee of a durable family power of attorney falls within Section 732.210(1). This is because according to the terms of the power of attorney and the statute governing powers of attorney, the act of the donee is the act of the surviving spouse.
We attach great significance to the legislature's directions in Section 732.210(2), "The court having jurisdiction of the probate *1108 proceeding shall determine the election as the best interests of the surviving spouse require." This can be said in another way: When the will of the testator and the wishes of the surviving spouse collide, then the wishes prevail over the will to the extent of an elective share. It can hardly be said that it is against the interest of the surviving spouse to opt to take an elective share in this case since the will left her nothing.
The donee of the durable family power of attorney had the authority to exercise the right of election to the elective share and the trial court erred in declaring otherwise. The orders and judgment against the widow's elective share rights are reversed and this cause is remanded for entry of an order confirming the right of the widow to her elective share and such further proceedings as are necessary to distribute the estate accordingly.
REVERSED and REMANDED.
ORFINGER, C.J., and COWART, J., concur.
NOTES
[1] Section 709.08, Florida Statutes (1981) provides:

Durable family power of attorney. 
(1) A principal may create a durable family power of attorney designating his spouse, parent, child, whether natural or adopted, brother, or sister his attorney in fact by executing a power of attorney. Such power of attorney shall be in writing, shall state the relationship of the parties, and shall include the words, "This durable family power of attorney shall not be affected by disability of the principal except as provided by statute" or similar words clearly showing the intent of the principal that the power conferred on the attorney in fact shall be exercisable from the date specified in the instrument, notwithstanding a later disability or incapacity of the principal, unless otherwise provided by statute. All acts done by the attorney in fact pursuant to the power conferred during any period of disability or incompetence shall have the same effect, and inure to the benefit of and bind the principal or his heirs, devisees, and personal representatives, as if the principal were competent and not disabled.
(2) The durable family power of attorney shall be nondelegable and shall be valid until such time as the donor shall die, revoke the power, or be adjudged incompetent. At any time, a petition to determine competency of the donor or a petition to appoint a guardian for the donor has been filed, the durable family power of attorney shall be temporarily suspended. Notice of the pending petition shall be given to all known donees of the power. The power shall remain suspended until the petition is dismissed, withdrawn, or the donor adjudged competent, at which time the power shall be automatically reinstated and any exercise of the power shall be valid. If the donor is adjudged incompetent, the power shall be automatically revoked.
(3) Property subject to the durable family power of attorney shall include all real and personal property owned by the donor, the donor's interest in all property held in joint tenancy, the donor's interest in all nonhomestead property held in tenancy by the entirety, and all property over which the donor holds a power of appointment. Nothing in this section shall permit the donee of a durable family power of attorney, when the donor is married, to mortgage or convey homestead property without the joinder of the spouse or the spouse's legal guardian, but the joinder may be accomplished through the exercise of a power of attorney.
(4) Whenever an emergency shall arise between the time a petition is filed and an adjudication is made regarding the competency of the donor, the donee of the durable family power of attorney may petition the court for permission to exercise the power. The petition shall specify the emergency, the property involved, and the proposed action of the donee. No exercise of the power by the donee during this time period shall be valid without the permission of the court.
[2] Section 732.210 Florida Statutes (1981) states:

By whom exercisable.  The right of election may be exercised:
(1) By the surviving spouse.
(2) By a guardian of the property of the surviving spouse. The court having jurisdiction of the probate proceeding shall determine the election as the best interests of the surviving spouse require.