987 So.2d 1245 (2008)
Yolanda LaCALLE, Appellant,
v.
Manuel BARQUIN, Appellee.
No. 3D07-966.
District Court of Appeal of Florida, Third District.
August 13, 2008.
Adrian Philip Thomas and Jon B. Linderman, Jr., Fort Lauderdale, for appellant.
Benitez & Associates and Leo Benitez, Coral Gables, for appellee.
Before SHEPHERD, SUAREZ, and LAGOA, JJ.
SHEPHERD, J.
This is an appeal from a final order granting a motion to dismiss an adversary proceeding in probate, brought by Yolanda LaCalle to establish a lost or destroyed will and to revoke administration of an earlier will. A petition brought to establish a lost or destroyed will in probate, "shall include a statement of the facts constituting grounds on which relief is sought, and a statement of the contents of the will or, if available, a copy of the will." Fla. Prob. R. 5.510(b); see, e.g., Carlton v. Sims (In re Estate of Carlton), 276 So.2d 832 (Fla.1973). The petition in this case alleges the decedent "executed, published, and declared a written document as his *1246 Last Will and Testament . . . . [,]" and that "[t]he original[ ] of the Last Will and Testament. . . [was] lost or destroyed without the knowledge or consent of [the decedent]. . . ." The petitioner also attached a copy of the unsigned document, along with a signed trust instrument and warranty deed of even date. This is sufficient.[1]See Fla. Prob. R. 5.510(b).
The trial court might have been misled by affidavitsattached to the motion to dismissof the two parties alleged to have witnessed the execution of the destroyed will, stating they "do not recall" having witnessed the will's execution; or the trial court might have been swayed by Movant's argument that a petition to administer another earlier-dated will already had been granted. The latter fact does not preclude or estop the advancement of LaCalle's petition. A petition for administration of a will and a petition to establish a lost or destroyed will in probate are different proceedings. See Lowy v. Roberts, 453 So.2d 886 (Fla. 3d DCA 1984). As to the former, it is apodictic that matters dehors the four corners of a complaint or petition may not be considered on a motion to dismiss. See Fla. Prob. R. 5.025(d)(2) ("[T]he proceedings [to probate a lost or destroyed will], as nearly as practicable, shall be conducted similar to suits of a civil nature and the Florida Rules of Civil Procedure shall govern, . . ."); see also Pizzi v. Cent. Bank & Trust Co., 250 So.2d 895, 897 (Fla.1971) (holdingon a motion to dismissthat "[t]he court must confine itself strictly to the allegations within the four corners of the complaint" (quoting Kest v. Nathanson, 216 So.2d 233, 235 (Fla. 4th DCA 1968))); N.E. at West Palm Beach, Inc. v. Horowitz, 471 So.2d 570, 570-71 (Fla. 3d DCA 1985) ("The purpose of a motion to dismiss is to ascertain whether a plaintiff has alleged a good cause of action and the court must confine itself strictly to the four corners of the complaint.").
Accordingly, we reverse the order dismissing the adversary petition filed by LaCalle in this case and remand for further proceedings.
NOTES
[1] Florida Probate Rule 5.510(b) also requires a petition to establish a lost or destroyed will in probate to "recit[e the] information required under these rules for petition for administration. . . ." No issue was raised with respect to this requirement in this case.