LEVINE, J.
 

 The issue presented is whether a bank is authorized to allow an individual with a durable power of attorney to transfer money from a Totten trust. We find the bank was authorized to honor the transfer of money and did not violate the enumerated powers of the durable power of attorney. We therefore affirm the trial court’s dismissal of appellant’s complaint.
 

 In 2002, the decedent, Lillian Wilde, executed a durable power of attorney naming her niece, Deborah Lorenzo, as her attorney-in-fact. The durable power of attorney stated:
 

 I, LILLIAN G. WILDE ... do hereby constitute and appoint my niece, DEBORAH LORENZO, my true and lawful attorney-in-fact for me in my name, place and stead and in any way which I myself could do if I were personally present with respect to the following matters:
 

 [[Image here]]
 

 4. To demand, sue for, collect, recover and receive all goods, claims, debts, monies, interest and demands whatsoever now due, or that may hereafter be due, or belong to me....
 

 The next day, Lorenzo, utilizing the power of attorney, transferred $150,000 from Wilde’s Totten trust account at Sun-Trust Bank, which named Frances Wallin as the beneficiary, to another account in the name of Orson Lorenzo.
 

 In 2007, appellant, as the guardian and personal representative of Wilde’s estate, filed suit against SunTrust for allowing the transfer of the funds from Wilde’s Totten trust. The trial court and the parties agreed that the dispositive issue was whether Lorenzo had the authority under the power of attorney to withdraw $150,000. Appellant claimed that the executed power of attorney did not expressly authorize the withdrawal of money from the Totten trust. Further, the appellant relied on section 709.08(7)(b)5., Florida Statutes (2002), which states that an attorney-in-fact may not “[cjreate, amend, modify, or revoke any document or other disposition effective at the principal’s death or transfer assets to an existing trust created by the principal unless expressly authorized by the power of attorney.” Appellant claimed that a Totten trust is a “disposition effective at the principal’s death.”
 

 The trial court determined that the power of attorney allowed Lorenzo to withdraw the funds and that SunTrust could not be held liable as a matter of law. We find the trial court was correct in dismissing the complaint in this case.
 

 “A trial court’s ruling on a motion to dismiss based on a question of law is subject to de novo review.”
 
 Execu-Tech Bus. Sys., Inc. v. New Oji Paper Co., 752
 
 So.2d 582, 584 (Fla.2000). Further, the interpretation of a power of attorney is a question of law subject to de novo review.
 
 *924
 

 Alterra Healthcare Corp. v. Bryant,
 
 937 So.2d 263, 268 (Fla. 4th DCA 2006).
 

 A Totten trust has been defined as “a tentative trust merely, revocable at will, until the depositor dies.”
 
 Seymour v. Seymour,
 
 85 So.2d 726, 727 (Fla.1956) (quoting
 
 In Re Totten,
 
 179 N.Y. 112, 71 N.E. 748, 752 (1904)). The act of “[placing a bank account in the name of one individual ⅛ trust for’ another individual creates a tentative or Totten trust.”
 
 Serpa v. N. Ridge Bank,
 
 547 So.2d 199, 200 (Fla. 4th DCA 1989). A Totten trust is different from other trusts in that it is not created with any of the formalities of a trust or will. Further, it is specifically excluded from the provisions and restrictions that apply to revocable trusts under the Florida Trust Code. § 736.0102, Fla. Stat. (2007).
 

 Section 709.08(7)(a), Florida Statutes, clearly states that an “attorney in fact has full authority to perform, without prior court approval, every act authorized and specifically enumerated in the durable power of attorney.” In the case of
 
 In re Estate of Schriver,
 
 441 So.2d 1105, 1106 (Fla. 5th DCA 1983), the language in the durable power of attorney authorized the attorney-in-fact to “execut(e) ... any instrument which may be requisite ... to effectuate any ... thing pertaining ... to me.” The
 
 Schriver
 
 court found that this language was “obviously meant to be all-inclusive to allow the donee to do any legal act the donor could do on her own.”
 
 Id.
 
 at 1107. Similarly, in the present case, the durable power of attorney authorized Lorenzo to act for the decedent “in my name, place and stead and in any way which I myself could do if I were personally present.” Because the owner of the Totten trust retained the unfettered ability to withdraw any or all of the funds, the attorney-in-fact retained the same authority as a result of the power of attorney.
 

 Since an owner of a Totten trust can withdraw from the account without constraint, the prospective Totten trust beneficiary cannot object to the depositor’s withdrawal from the Totten trust. As this court explained:
 

 Like a depositor’s withdrawal of funds from a Totten trust bank account, a settlor/trustee’s withdrawal of funds from a revocable trust is tantamount to a revocation or termination of the trust with respect to the funds withdrawn. It is in this context that
 
 Malasky
 

 [1]
 

 held that a prospective trust beneficiary has no standing to object to such a disposition of the property; the settlor retained the right to remove the property from the trust for any purpose and for any reason.
 

 Siegel v. Novak,
 
 920 So.2d 89, 95 (Fla. 4th DCA 2006). Because the depositor can change the beneficiary without constraint, and the prospective beneficiary has no standing to object to such changes, we therefore find that merely withdrawing money from the Totten trust does not, as a matter of law, change the “disposition effective at the principal’s death.” The depositor, or in this case the attorney-in-fact, merely changes the amounts within the Totten trust, which is a right retained by the depositor at all times, or by the attorney-in-fact while the durable power of attorney is in force. SunTrust acted in reliance of the power of attorney, so it “must be held harmless by the principal from any loss suffered or liability incurred as a result of actions taken prior to receipt of written notice [of revocation.]” § 709.08(4)(g), Fla. Stat. (2002).
 

 
 *925
 
 In summary, we find the trial court was correct in the dismissal, and find the other issue raised on appeal to be without merit.
 

 Affirmed.
 

 POLEN and GERBER, JJ., concur.
 

 [1]
 

 1.
 
 In re Malasky,
 
 290 A.D.2d 631, 736 N.Y.S.2d 151 (N.Y.App.Div.2002).