# Third District Court of Appeal

## State of Florida

Opinion filed September 10, 2025.
Not final until disposition of timely filed motion for rehearing.

_____

Nos. 3D24-1367 & 3D24-1426
Lower Tribunal No. 23-5847-CP-02
_____

**Antonio Izquierdo &
Teresita Pena, etc.,**
Appellants,

vs.

**Carlos Izquierdo,**
Appellee.

Appeals from the Circuit Court for Miami-Dade County, Jose L. Fernandez, Judge.

Gastesi Lopez & Mestre PLLC and Raul R. Lopez, and Jennifer M. Vazquez; Fred E. Glickman, P.A., and Fred E. Glickman, for appellants.

The Hachar Law Group, and Michael McCormick, Jr., and Kendrick Almaguer, for appellee.

Before FERNANDEZ, LOGUE, and LINDSEY, JJ.

LINDSEY, J.

Appellants Antonio Izquierdo and Teresita Pena, Antonio's wife, appeal from a final order dismissing Antonio's Adversary Petition in the underlying probate matter.[1] The Petition sought to establish title to funds held in a Guardianship Account created for the benefit of Antonio's late Mother. Antonio argues that after his Mother died, the funds should have been disbursed to the named beneficiaries of certain closed payable on death accounts (alleged "Totten Trusts").[2] The probate court determined that the alleged Totten Trusts were terminated when all funds were transferred to a single Guardianship Account before the Mother's death, and the funds became Estate property subject to probate when the Mother died. We agree and therefore affirm.

## I.    BACKGROUND

This case is primarily an inheritance dispute between two brothers: Appellant Antonio Izquierdo and Appellee Carlos Izquierdo. According to the

---

[1] Antonio is the Appellant in 3D24-1367 and Teresita is the Appellant in 3D24-1426. The cases have been consolidated for the purpose of traveling together.

[2] "Apparently the name 'Totten Trust' was derived from the name of William H. B. Totten, as administrator, who was one of the parties in the leading case, [In re Totten, 71 N.E. 748 (1904)]. In that case the New York Court of Appeals held that a person depositing his own money in a savings bank in his own name as trustee for another does not establish an irrevocable trust until the depositor completes the gift by some unequivocal act or declaration during his lifetime, or unless the depositor dies before the beneficiary without revocation." First Nat. Bank of Tampa v. First Fed. Sav. & Loan Ass'n of Tampa, 196 So. 2d 211, 213 (Fla. 2d DCA 1967).

allegations in Antonio's Adversary Petition, prior to 2016, the Mother had five bank accounts with designated payable on death beneficiaries. In May 2016, Antonio, who was a joint account holder, closed the Mother's accounts and opened new accounts in his name held in trust for his Mother.[3] In July 2016, Antonio initiated guardianship proceedings and sought to be appointed as plenary guardian of his Mother. Carlos filed a counter-petition for appointment. Antonio and Carlos were ultimately appointed as co-guardians.

In March 2017, the court ordered all the Mother's funds in Antonio's possession to be transferred into a single guardianship restricted depository account (the "Guardianship Account"). The order contained no language preserving the accounts or the named beneficiaries. Neither Antonio nor Carlos objected. Antonio closed the accounts and transferred all funds to the Guardianship Account.

The funds remained in the Guardianship Account until the Mother passed away in February 2019. In December 2023, over seven years after the Mother's original accounts were closed, Antonio filed the underlying Adversary Petition in probate court seeking to recognize the funds in the Guardianship Account as Totten Trust funds held in trust for the named

---

[3] Antonio closed four of the accounts. One of the original accounts remained and eventually served as the Mother's Social Security account.

3

beneficiaries of the closed accounts. Carlos moved to dismiss arguing that because the accounts were closed and all funds were transferred to the Guardianship Account before the Mother's death, the funds should be probated.

After a hearing, the trial court dismissed Antonio's Petition. The court concluded that the alleged Totten Trusts were essentially tentative trusts, which were terminated when all funds were transferred to the Guardianship Account. After the court denied Antonio's motion for rehearing and clarified that dismissal was with prejudice, Antonio timely appealed.

## II. ANALYSIS

The parties agree that dismissal of an adversary petition is comparable to dismissal of a complaint. Thus, the standard of review is de novo. See, e.g., Williams Island Ventures, LLC v. de la Mora, 246 So. 3d 471, 475 (Fla. 3d DCA 2018); see also LaCalle v. Barquin, 987 So. 2d 1245, 1246 (Fla. 3d DCA 2008) ("[I]t is apodictic that matters dehors the four corners of a complaint or petition may not be considered on a motion to dismiss.").[4]

---

[4] The dismissal order expressly states that the parties stipulated that the court could consider some matters outside of the Petition. On appeal, Antonio takes issue with this. But he has not included a transcript of the hearing, so this Court is unable to ascertain what the parties stipulated to. See, e.g., Applegate v. Barnett Bank of Tallahassee, 377 So. 2d 1150, 1152 (Fla. 1979) ("Without a record of the trial proceedings, the appellate court can not properly resolve the underlying factual issues so as to conclude that the trial court's judgment is not supported by the evidence or by an alternative theory. Without knowing the factual context, neither can an

On appeal, Antonio argues that the alleged Totten Trusts were not terminated because there is a strong presumption that an absolute trust is created when a depositor of a Totten Trust dies before a beneficiary without revoking the trust. We reject this argument because the alleged Totten Trust accounts were closed and all funds transferred to the Guardianship Account *before the Mother passed away.* See Vargas v. Vargas, 659 So. 2d 1164, 1166 (Fla. 3d DCA 1995) ("A deposit by one person of his own money in his own name as trustee for another, standing alone, does not establish an irrevocable trust during the lifetime of the depositor. *It is a tentative trust merely, revocable at will, until the depositor dies or completes the gift in his lifetime by some unequivocal act or declaration . . . .*" (quoting Seymour v. Seymour, 85 So. 2d 726, 727 (Fla.1956))); see also First Nat. Bank of Tampa, 196 So. 2d at 213 (explaining that in guardianship proceedings, a court has the power to revoke a tentative trust when "necessary for [the ward's] proper care and support." (quoting Rickel v. Peck, 211 Minn. 576, 581, 2 N.W.2d 140, 143 (1942))). Moreover, neither party objected when the court required the accounts to be closed and the funds transferred, and no language was included in the order to preserve the named beneficiaries.

---

appellate court reasonably conclude that the trial judge so misconceived the law as to require reversal.").

5

Antonio cites <u>Beane v. SunTrust Banks, Inc.</u>, 47 So. 3d 922 (Fla. 4th DCA 2010) for the proposition that withdrawal of funds from a Totten trust does not revoke the trust. <u>See</u> <u>id.</u> at 924 ("[M]erely withdrawing money from the Totten trust does not, as a matter of law, change the 'disposition effective at the principal's death.'"). But here, the funds were not merely withdrawn from the alleged Totten Trust accounts. *All funds* were withdrawn and transferred to a separate Guardianship Account, and the alleged Totten Trust accounts were closed. <u>See</u> <u>Serpa v. N. Ridge Bank</u>, 547 So. 2d 199, 200 (Fla. 4th DCA 1989) ("Placing a bank account in the name of one individual 'in trust for' another individual creates a tentative or Totten trust. Such a trust is tentative because partial revocation occurs every time there is a withdrawal, and the trust is revocable during the lifetime of the depositor/settlor.").

Indeed, none of the cases Antonio cites is on point with the situation here, where the alleged Totten Trusts were closed and all funds transferred to a different account before the depositor's death. We therefore agree with the probate court that, as a matter of law, the alleged Totten Trusts were terminated when the accounts were closed and the funds transferred.[5]

---

[5] Antonio also argues on appeal that he should be granted leave to amend his Petition. But given that the Totten Trusts were terminated as a matter of law, any amendment would be futile. <u>See, e.g.</u>, <u>Readon v. WPLG, LLC</u>, 317 So. 3d 1229, 1238 (Fla. 3d DCA 2021) ("Generally, refusal to allow amendment of a pleading constitutes an abuse of discretion unless it clearly

The consolidated case (3D24-1426) also fails to convince us that there is reversible error. In that case, Appellant Teresita Pena, Antonio's wife, argues on behalf of their son, Erik. Erik was one of the named beneficiaries of the alleged Totten Trusts. Teresita argues that the order transferring funds from the alleged Totten Trusts to the Guardianship Account violated Erik's due process rights because he was not given notice.[6]

As an initial matter, we note that the order transferring funds was entered in a separate guardianship proceeding. But this is an appeal from an order dismissing the underlying Adversary Petition in the probate court. As such, Teresita cannot challenge the order transferring funds in this appeal from a dismissal order in a different underlying probate proceeding.

But even if the appeal were proper, we are unpersuaded. Erik's father, Antonio, certainly had notice. Teresita contends that serving Erik's biological father is not sufficient because nothing in the record shows anything about the relationship between Antonio and Erik. But it is black letter law that in appellate proceedings, the burden is on the appellant to demonstrate error. See, e.g., Joseph v. Henry, 367 So. 3d 1280, 1281 (Fla. 3d DCA 2023). Teresita has not met her burden here.

---

appears that allowing the amendment would prejudice the opposing party; the privilege to amend has been abused; or the amendment would be futile.").

[6] This argument was not raised below.

### III. CONCLUSION

The trial court correctly concluded that the alleged Totten Trusts were terminated when the accounts were closed and all funds transferred to the Guardianship Account before the Mother's death. We therefore affirm the order dismissing Antonio's Adversary Petition.

Affirmed.