GRAMMER *v.* BOURKE ET AL.

[No. 17,540. Filed December 20, 1946.]

*W. J. Sprow*, of Crawfordsville, for appellant.

*Harding & Harding*, of Crawfordsville, for appellees.

DRAPER, J.—The appellant brought this action, as guardian of the three minor Grammer children, to partition certain real estate owned by Thomas W. Hayes at the time of his death, and to quiet the minors' title to a one-third interest therein. From an adverse judgment, he appeals.

Thomas W. Hayes died testate on November 9, 1941. By his will all of his property was devised and bequeathed to his niece, Bernice Bourke, subject to a life estate in his widow, Nancy Jane Hayes, who was his sole and only heir at law and who, at the time of his death, was under guardianship as an infirm person.

His will was probated on November 13, 1941. The following day the widow's guardian filed a petition

requesting instructions as to whether or not he, as such guardian, should accept the provisions of the will for said widow, or elect to take under the law.

The widow died testate on December 10, 1941, while still under guardianship, leaving her estate to the three Grammer children. On April 13, 1942, the court heard the petition and directed the guardian to file, within 10 days, an election to take under the laws of descent on behalf of his ward, and said election was filed.

Subsequently, the administrator *de bonis non* with the will annexed of the estate of Thomas W. Hayes, filed a petition asking that the election filed by said guardian be cancelled, set aside and held void. The administrators with the will annexed of the estate of the widow were the only parties defendant to said petition. Neither the children nor their guardian were parties thereto or appeared therein. The petition was sustained, and the election filed by the widow's guardian was cancelled, set aside and held for naught.

Thus it appears that the guardian filed his petition the day after the will was probated, and while the widow was living, but the petition was not passed upon until after the widow died.

The question presented is stated by the appellant as follows: Does the death of the widow, subsequent to the filing of the petition for instructions by her guardian, but prior to the court's decision thereof, terminate the guardian's right to file an effective election on behalf of his former ward? The trial court held it did. Whether the Grammer children have any interest in the real estate obviously depends upon the answer to that question.

When provision is made for the wife in the will of her husband, she shall take under the will and receive nothing by reason of any law of descent, unless other-

wise expressly provided in the will, unless she shall elect to take under the law. § 6-2332, Burns' 1933.

If the widow is insane, her guardian is required to file a petition praying for the advice of the court, to determine whether he, as such guardian, shall take on behalf of his ward under the will or under the law. Upon the filing of such a petition, the court is required to hear evidence and determine whether it is for the best interests of such insane widow to take under the will or under the law, and to enter an order and judgment accordingly. § 6-2335, Burns' 1933.

The last mentioned statute applies in the case of a widow under guardianship because of old age and infirmity, as well as to one under guardianship because of insanity. *Battleday's Guardianship* v. *Heistand & Heistand* (1936), 210 Ind. 208, 1 N. E. (2d) 996.

The appellant insists that the death of the widow under guardianship does not defeat the court's right to order the election, and his position finds support in *Ambrose* v. *Rugg* (1931), 123 Ohio St. 433, 175 N. E. 691; 74 ALR 449; and *Mead* v. *Phillips* (1943), 77 U. S. App. D. C. 365, 135 F (2d) 819, 147 ALR 322.

It is a new question in Indiana, and one upon which the courts of other states are divided, with the weight of authority favoring the position that after the death of the incompetent, the right to elect no longer exists and cannot be exercised by the court. Many cases upon the subject have been collected and are referred to in the annotations above mentioned, and it seems unnecessary to cite any of them in this opinion.

A widow not under disability may elect to take under the law or not, as she chooses, though her choice might

be detrimental to her best interests. As quoted with approval in *Heavenridge* v. *Nelson* (1877), 56 Ind. 90, 94, decided before § 6-2335 *supra,* was enacted:

"This privilege of waiver is a purely personal right, and its exercise rests in her personal discretion alone. It is not a question of mere pecuniary advantage. The widow's knowledge of the family arrangement, the wishes of her husband, equitable considerations known and appreciated only by her, may all have weight and influence in determining her election. It is a privilege which can not be regarded as a portion of her estate."

Under the statute, however, in the case of an insane or aged and infirm widow under guardianship, the court may determine only whether it is *for the best interests* of such widow to take under the will or under the law, and it is difficult to see how the interests of a widow who has died leaving a solvent estate could be served by an election made after her death. The right to elect is no part of the widow's estate; her kinsfolk have no claim upon the estate of her deceased husband; and the matter of enriching her estate for their benefit or for the benefit of those named in her will has no place in the consideration of the court. Subject to the limitations imposed by law, Thomas W. Hayes had the right to dispose of his estate in accordance with his own wishes. Courts strive always to discover and effectuate the intention of the testator, and in our opinion that intention should not be subject to being defeated for the benefit, not of the widow, but of her heirs or the beneficiaries under her will.

If a widow not under disability dies without making an election, the right to elect dies with her, and she

is conclusively presumed to have accepted the provisions made for her in the will of her late husband. *Barker* v. *Barker* (1945), 116 Ind. App. 265, 63 N. E. (2d) 429. During her lifetime, on a sufficient showing that it would be for the best interests of this widow under guardianship, the court could have directed the guardian to elect to take under the law, but its right so to do expired with the death of the widow.

Judgment affirmed.

NOTE.—Reported in 70 N. E. (2d) 198.