192 So.2d 89 (1966)
In re ESTATE of James R. PEARSON, Deceased.
No. 7057.
District Court of Appeal of Florida. Second District.
November 16, 1966.
*90 Harold S. Wilson, of Ford, Wilson & Walker, Largo, for appellant, Charles D. Pearson.
Mark R. McGarry, Jr., St. Petersburg, for appellant, Mark R. McGarry, Jr., Admr. ad litem of Estate of Laura H. Pearson, deed.
Charles W. Burke, St. Petersburg, for appellees, Virginia P. Erb, Eleanor P. Stewart, and H.L. Peterson, exr. of estate of James R. Pearson, deed.
PIERCE, Judge.
This is an appeal from a final order in probate, denying an election to take dower.
The pertinent facts coalesce to create a case of first impression. James R. Pearson died testate on February 16, 1965, and was survived by his widow, Laura H. Pearson, two daughters, appellees herein, and a son, Charles D. Pearson, appellant. In his Will, the decedent left $5,000.00 to his son, and the residuary of his estate to his two daughters to be divided equally. At the time he made his Will his wife was mentally incompetent, although no legal adjudication had at that time been made.
The record discloses that in a previous Will, executed about eight years earlier, the testator had left his estate to his three children equally and had mentioned that he and his wife were leaving each other nothing, each having sizeable independent estates. At the same time his wife made an identical Will. On later becoming dissatisfied with his son's conduct, Mr. Pearson changed his Will, substantially reducing the ultimate legacy to his son. He used the same lawyer who had previously prepared the Wills of Mr. and Mrs. Pearson and advised him that his wife could not make a Will since she was incompetent.
After the testator's death, his widow was adjudicated mentally incompetent and a banking institution was appointed as guardian of her property.
The guardian then filed its election in her behalf to take dower. Prior to the Court's action on the guardian's petition for assignment of dower, the widow died. The executor of the estate of James R. Pearson, who happened also to be the attorney who drew the Will, was also named as executor of Mrs. Pearson's estate and was so appointed. As executor of the within estate, he moved for the appointment of an administrator ad litem of her estate, and Mark R. McGarry, Jr., was appointed. In the order appointing him he was said to be "substituted as the moving party in said dower proceedings" in lieu of the institutional guardian.
In 1963, the pertinent portion of the controlling statute, F.S. 731.35(3), F.S.A., read as follows:
"The guardian of a widow suffering under disabilities may, at any time during which the widow might have done so, file an election on behalf of the widow to take dower in lieu of the provisions of the will of her husband or under the law of descent and distribution, and thereupon the county judge shall grant or deny such election as the best interest of the widow may require. If the widow shall die prior to the expiration of the time allowed for the filing of her election to take dower in lieu of the provisions of the will of her husband or under the law of descent and distribution, and shall not have filed such election, then the same may be filed at any time before the expiration of such period by any person who has a beneficial interest in the estate of such deceased widow, and such election shall be granted or rejected by the county judge as the best interest of the parties entitled to participate in the estate of the deceased widow may require."
A 1965 amendment altered section 731.35 so as to eliminate the right of the widow's *91 beneficiary to elect dower, subject to the Court's determination, in the event of her death within the statutory period for election without having elected dower. The 1963 statute is applicable, however, to the case sub judice.
Utilizing the statute and relying on Edwards by Harris v. Edwards, Fla. 1958, 106 So.2d 558, the lower court held that the controlling guide as to whether or not to set aside dower was to do that which was in the best interest of the widow. None of the heirs had filed an election to take dower, and the statutory time within which such could have been done had expired. The lower court therefore viewed the guardian's election, assumed by the administrator, as the one to be ruled on and found that the only effect of awarding dower would be merely to increase her estate, thereby increasing the son's share, but that in accord with prior decisional law [the Edwards case, supra, and First National Bank of St. Petersburg v. McDonald, 1930, 100 Fla. 675, 130 So. 596], to determine what is in the best interest of the beneficiaries of an incompetent widow is not a valid criterion in determining what is to her best interest.
The County Judge therefore denied the election "since no justifiable grounds were proven" for the granting of the election. The points raised on appeal by the administrator ad litem and by the son are: (1) whether or not the County Judge erred in denying dower where the Will gives the incompetent widow nothing and there had been no waiver by the widow, prenuptial agreement, estoppel or other defense; (2) whether the guardian's election made during the incompetent's lifetime survived for the estate to have the right to have dower assigned to it; and (3) whether or not the best interests of the parties entitled to participate in the widow's estate should have been considered.
We find no error in the Court's ruling, although we come to this conclusion through a somewhat different analysis of the law to be applied. Points 2 and 3 are resolved in our discussion of Point 1 which is really dominated by the question of the authority of the County Judge to award dower when the incompetent widow died before the Court determined whether or not to set dower aside. The question to be resolved, as we see it, is whether the death of an incompetent surviving widow terminates the right to make an election on her behalf. If it does not, then it is proper and indeed necessary to inquire about the widow's best interest. If it is terminated, no further question is reached.
It is initially necessary to differentiate between the dower right of a competent widow and that of an incompetent widow. A competent widow has the right to file her election within the statutory period and her decision and the basis for it are not reviewable by any authority. Dower is a right personal to the widow which is solely exercisable by her whether she acts in her own interest or not. Such right is extinguished upon her death in the event she has not elected dower prior thereto. Bibb v. Bickford, Fla.App. 1963, 149 So.2d 592. But the rights of an incompetent widow to dower are somewhat different from those of a competent widow. Her guardian may activate the Court's consideration of whether or not to set aside dower, but it does not have the power to make an election for her. Election can only be accomplished, in the case of an incompetent widow, by the Court, considering the best interest of the widow. Best interest is not dependent upon a mere monetary calculation of whether electing to take against the Will yields more than taking under the Will. Edwards by Harris v. Edwards, Fla. 1958, 106 So.2d 558. Although other considerations may also enter the evaluation, First National Bank of St. Petersburg v. McDonald, supra, sets out some of the influential factors to be utilized in determining what is in the best interest of the widow, to-wit:
"In determining what is for the best interest of the afflicted widow, the chancellor *92 will generally be influenced by these considerations: (1) The husband's right to dispose of his estate is limited by the right given the widow to renounce the provisions of the will in her behalf and take under the statute, but the sole reason in law for giving the widow the right to renounce is to insure ample provision for her personal needs and comforts. (2) Her personal needs and comforts may not be confined to pure monetary considerations. (3) The matter of enriching the widow's estate and passing something to her kinspeople has no place in the chancellor's consideration. (4) The kinspeople of the wife have no claim direct or indirect on the estate of the husband. (5) The fact that a permanently insane widow knows nothing of the value of money, cannot use it with discretion and has no need for money nor property save to furnish ample comforts and needs, may be considered. (6) It may also be borne in mind that, when the husband has made ample provision for his insane wife, he has an inherent right to dispose of his property as he pleases, provided the disposition be not contrary to public policy. Other considerations will no doubt arise from time to time."
All of this discussion contemplates however an incompetent widow who is alive. It must be remembered that the purpose for dower is to insure ample provision for the widow's personal needs and comfort. When the widow dies no like purpose remains.
If a competent widow dies before electing, such right to elect dies with her. It does not pass to her estate, although under the controlling 1963 statute those beneficially interested could have elected, subject to the Court's approval. If an incompetent widow dies, and her election through her guardian has not been ruled upon, her election is null and void since the guardian's power terminates at the ward's death, 15 Fla.Jur., Guardian and Ward § 36, and so does the power of the Court to act in her place. See In re Gerlach's Estate, 127 Pa.Super. 293, 193 A. 467 (1937). F.S. Section 731.35 F.S.A. only modified the common law in giving to the Probate Court the same power to act for the incompetent widow which equity had under the common law. At common law equity had the care of the persons and estates of idiots and insane persons. See First National Bank of St. Petersburg v. McDonald, supra, and Edwards by Harris v. Edwards, supra. But the widow here was no longer incompetent. She was deceased. The lower Court then, once the incompetent had died, had no power to make an election. See Grammer v. Bourke, 1946, 117 Ind. App. 151, 70 N.E.2d 198.
The purpose behind the court's election for the incompetent is to guarantee that the ward is not taken advantage of by those who might ultimately benefit through the ward's future estate. Often family members, potential heirs of one or both spouses, are appointed guardians, and whether conscious or not, the decision to elect dower might be influenced by the ultimate effect on the guardian's legacy to be derived from the ward, and when applicable, derived from the ward's deceased spouse. Equity originally as parens patrie, and now the county judge's court through the statutory provision, guards against such potential imposition, by retaining in itself, as the real guardian and as the protector of the estates of incompetents, the right to decide the dower question. But this does not give a greater right to the incompetent widow. If the competent widow dies without electing, her right to elect dies with her. So it is with the incompetent widow whose election is not made until the court makes it, acting in her place. The power to make it for her dies when the ward dies.
That the statute applies with equal degree to competent and incompetent widows is demonstrated by In re Aron's Estate, Fla. App. 1960, 118 So.2d 546. There an attempt was made to extend the time within which to file for dower where the incompetent's guardian was not appointed until after the filing of the notice to creditors, and F.S. *93 Sec. 744.62 F.S.A. provides for suspension of statutes of limitation in favor of the guardian. The court held that the statute, by virtue of which dower exists in Florida, must be complied with, and the establishment of the right can only be created by the methods provided by the legislature. The widow therefore was barred from electing since the guardian had filed the election after the nine month period had expired. Likewise, no exception is written into the statute for election by representatives of the incompetent widow after her death. Actually, the guardian's "election" is not an election, but merely the initiating instrument requesting that the court elect. Edwards by Harris v. Edwards, supra.
Since election was not made during the widow's lifetime, it cannot thereafter be made by the court acting in her place. The only way election could have been achieved would have been by an election of one of the beneficiaries, to be acted upon by the Court. No such election was made. Since the right to dower does not survive to the personal representative, the order substituting the administrator for the guardian in the dower proceeding was of no effect.
We are not unmindful of those cases collected in the annotation in 3 A.L.R.3rd 6, and also 3 A.L.R.3rd 119, with particular emphasis at pages 160 to 167, but we think that to consider the best interests of the widow after she has died is outside the jurisdiction of the Court; albeit using the guidelines set out in the above Fla. cases, such consideration would in all instances lead to the conclusion that the best interest of the deceased incompetent widow did not require the awarding of dower, for the simple reason that she is no longer alive to benefit from the dower award.
For the above reasons the order appealed is affirmed.
Affirmed.
LILES, Acting C.J., and HOBSON, J., concur.