WALDEN, Judge.
This appeal deals with dower questions. The County Judge’s Court ruled that the widow was entitled to dower. The administrator appeals. We affirm.
The general background recitals are unnecessary as a basis for our decision.
The administrator’s Point I as to an evi-dentiary ruling reveals at very best only harmless error and does not merit discussion.
The administrator’s Point II will be broken into two parts and re-phrased:
1. Does the death of the widow after she officially elects to take dower and before same was perfected and accomplished by the actual selection and assignment of property to her by the court extinguish her dower right ?
This question is answered in the negative for three reasons.
a. The question was not raised or ruled upon in the trial court and, hence, the appellant is without standing to now raise it for the first time.
b. The administrator argues that dower is for the support of the widow and obviously, if she is dead, she cannot enjoy any advantages from the distribution of dower.
Two Florida cases deal with the subject, Bibb v. Bickford, Fla.App.1963, 149 So.2d 592, and In re Estate of Pearson, Fla.App.1966, 192 So.2d 89.
In Bibb the court said, “The right of a widow to make an election to take dower . is a personal right which may be exercised only by her. . . . Such right is extinguished upon the death of the widow in the event the election is not made by her prior to her demise.” (Emphasis supplied.)
In Pearson decedent died testate. Shortly thereafter his widow was adjudged incompetent. Her guardian elected dower on her behalf. Before the court could act on the petition the widow died. The judge discussed that in dower the controlling guide was to do what was in the best interest of the widow. Then it denied dower.
At first glance, Pearson is contra to our conclusion. Its facts, however, are restricted to widows adjudged incompetent.
“Dower is- a right personal to the widow which is solely exercisable by her whether she acts in her own interest or not. Such right is extingtdshed upon her death in the event she has not elected dower prior thereto. Bibb v. Bick- *478 ford, Fla.App.1963, 149 So.2d 592. . . . Election can only be accomplished, in the case of an incompetent widow, by the Court, considering the best interest of the widow.
“ . . . If a competent widow dies before electing, such right to elect dies with her. . . . If an incompetent widow dies, and her election through her guardian has not been ruled upon, her election is null and void. . . . ” (Emphasis supplied.)
In other words, if a competent widow elects dower, then dies before distribution, her estate can benefit. An incompetent widow must elect (through her guardian) and have the court approve the election prior to her death before her estate can be enriched by the dower.
In the instant case, the widow was competent. Her election was made by her pri- or to her death. It was, therefore, vested and we so announce and hold.
c. As a matter of practical justice and common sense, we feel that our decision is preferable when compared to the other option. When a competent widow chooses to elect dower she has done all she is required to do and the situation becomes fixed with the following procedures relatively mechanical and prescribed. Further, a contrary view would create a situation where a personal representative could defeat a widow’s dower interest by filing an objection to such claim and litigating the matter until she died, as was done here.
2. Does a conveyance of tenancy by the entirety realty by husband and wife to the husband, using common form warranty deed which purports to also convey “dower and right of dower” thereafter divest the widow of her right of dower in such property?
We answer this question in the negative.
The trial court found the evidence insufficient to support the administrator’s view that dower was conveyed and we affirm that position.
The deed in question was a standard printed form warranty deed which we know to be in common use in Florida. Immediately after the typed-in description of the property were these printed words:
“TOGETHER with all the tenements, hereditaments and appurtenances, with every privilege, right, title, interest and estate, dower and right of dower,--reversion, remainder and easement, thereto belonging or in anywise appertaining:” (Emphasis supplied.)
F.S. § 693.02, Laws of 1969, F.S.A. provides :
“693.02 Release of dower. — Any married woman having a right of dower in any real property may relinquish it by joining in the conveyance or mortgage thereof, or by a separate instrument without the joinder of her husband, executed in like manner as other conveyances.” (Emphasis supplied.)
Here, the wife did not qualify under the statute as “having a right of dower in any real property” because there is no dower interest in property held as an estate by the entireties, Florida National Bank at Lakeland v. United States, M.D.Fla.1970, 313 F.Supp. 1072. Dower is an interest in land the husband died seized of, or which he owned during marriage and conveyed without his wife’s joinder. Ch. 731.34, F. S.1969, F.S.A. Tenancy by the entireties property is jointly owned by husband and wife, not solely by the husband. Each owns the whole. The right of survivorship in the surviving widow is, therefore, preferable to dower. Ch. 689.15, F.S.1969, F. S.A.
Boyer on Florida Real Property Transactions, at page 443, discusses the history of the estate by the entireties:
“Since the estate by the entireties is a special type of joint tenancy requiring *479 all of the four unities plus the additional unity created by marriage, it was necessary at common law that both parties took their interest at the same time from the same conveyance. Hence, if either spouse owned land individually, he or she could not directly convey either to the spouse or to the marriage community to create such an estate. A tenancy in severalty could thus be converted into a tenancy by the entireties only by first conveying to a-,straw man or nominal party and have him reconvey the land to the husband and wife. This is still possible and undoubtedly is frequently done.
“In Florida direct conveyances between husband and wife are specifically authorized by statute, and, since 1947, it is specifically provided that such conveyances can effectively create a tenancy by the entireties.”
The current statute referred to is Ch. 689.11, F.S.1969, F.S.A.
In the instant case had the parties followed the pre-statute conveyancing procedure of conveying to a straw man and then having the straw man convey to the husband, the problem would not have arisen as clearly the wife would not be conveying a dower interest to the straw man, as she had none. When the straw man conveyed to the husband there without question would be created in the wife an inchoate right of dower. We believe the intention in the instant case would be the same as where a straw man was used and that the wife did not intend a relinquishment of dower in the estate received and created in the husband.
Putting it all together, we hold that the conveyance in question did not destroy the wife’s dower right. The fundamental rule is that the widow can be deprived of her right (to dower) only by voluntary consent, by her own act, or by provision of statute. 11 Fla.Jur., Dower, § 11. “It is held that she cannot be divested of her right of dower except by express language or irresistable implication from the terms of the instrument attempting to accomplish that result.” Thompson On Real Property, § 1920; Seaton v. Seaton, 1945, 184 Va. 180, 34 S.E.2d 236; Bomar v. Wilkins, 1930, 154 S.C. 64, 151 S.E. 110.
Here the evidence and anomalies of the conveyance were such as mitigate against a finding that the wife either intended, or did, release her dower right in the described property.
Finally, we believe that our decision accords with general understandings and practices in the field of real estate law and that it will serve as a matter of policy to give stability to the matter of conveyancing between husband and wife under the statute. It will prevent some wife from waking up to find that she has unwittingly released her prospective dower by the provisions of some unread printed form. It will require that releases of dower between wife and husband be clearly and unequivocally accomplished.
The judgment is
Affirmed.
REED, C. J., and OWEN, J., concur.