469 So.2d 204 (1985)
Emma A. ALLEN, Appellant,
v.
Rowland J. GUTHRIE, As Personal Representative of the Estate of Eldie B. Allen, Deceased, Appellee.
No. 84-2063.
District Court of Appeal of Florida, Second District.
May 22, 1985.
*205 William Berkley of Law Offices of William Berkley, St. Petersburg, for appellant.
Robert J. Andringa of Baynard, McLeod & Lang, P.A., St. Petersburg, for appellee.
FRANK, Judge.
In this case the appellant, Emma A. Allen, who is allegedly the widow of a decedent, filed an untimely notice of election which was stricken by the trial court. We affirm the trial court's action.
A surviving spouse must file an election to take a statutory share of the estate within four months from the first publication of notice of administration. § 732.212, Fla. Stat. (1983). The statute contemplates the enlargement of that period only where "a proceeding occurs involving the construction, admission to probate, or validity of the will or any other matter affecting the estate ..." which results in the complete estate, subject to the elective share, being placed in doubt. Id. If such a proceeding is initiated, the surviving spouse is accorded forty days from its termination in which to elect. Id. A time-enlarging circumstance is not present in this matter. The appellant's failure to file her notice of election in a timely manner was asserted, however, to have resulted from ignorance of the death of her spouse from whom she had been separated for twenty years. The appellant alleges that she was residing in a nursing home in Cincinnati in December, 1983, when her husband died, and it was only after her daughter visited Pinellas County in July, 1984, that the appellant learned of his death. By the time she contacted an attorney and filed an objection to probate and a notice of election, the statutory time for the filing of an election had passed.
The appellant contends that the equities are with her and that justice requires liberal construction of the statute. Notwithstanding the validity of the equitable considerations which occasioned the appellant's delay in filing her notice of election, we are not able to depart from the strictures contained in the statute. Moreover, the period within which a surviving spouse must elect dower under the predecessor statute has been narrowly construed. See Boyer v. Branche, 369 So.2d 596 (Fla. 1st DCA 1978); In Re Estate of Arner, 218 So.2d 471 (Fla. 1st DCA 1969). As was stated in In Re Aron's Estate, 118 So.2d 546, 548 (Fla. 3d DCA 1960), "[a]lthough the origin of dower is very ancient, and exists at common law, the right referred to as dower in Florida springs wholly from the statutory law... . This right to a dower interest as created by the Florida Statutes does not come into being by the terms of the statute unless the widow elects to take the interest by an instrument in writing."
An apt analogy may be drawn between dower and the elective share. A surviving spouse has no right to an elective share absent a timely election to take that share. Order and finality in the administration of *206 estates, as is reflected in section 732.212's time limits, are paramount concerns; and failure to elect within the period prescribed by the Legislature bars a claim. The trial judge correctly dismissed the appellant's objection to probate and notice of election.
Affirmed.
RYDER, C.J., and CAMPBELL, J., concur.