491 So.2d 301 (1986)
Louis SMAIL, Personal Representative of the Estate of Luta M. Ellis, Appellant,
v.
Samuel HUTCHINS, Personal Representative of the Estate of Charles Lindsay Ellis, Appellee.
No. 86-181.
District Court of Appeal of Florida, Third District.
July 8, 1986.
*302 Bercuson, Cahan, Lasky, Tarr & Madorsky and Harvey Lasky and Allison Doliner Hockman, Miami, for appellant.
Hayden & Milliken and John D. Kallen, Miami, for appellee.
Before NESBITT, BASKIN and FERGUSON, JJ.
NESBITT, Judge.
Louis Smail, as personal representative for the estate of Luta Ellis, appeals from an order denying his petition for determination of Luta Ellis' elective share. We reverse.
After Charles Ellis' death, his wife, Luta Ellis opted to exercise her right to an elective share in his estate. See § 732.201 et seq. Fla. Stat. (1985). Accordingly, on April 10, 1985, she filed notice of her election with the probate court settling her husband's estate. At the same time she gave notice to all interested parties before the court. Luta subsequently became ill, was hospitalized, and died on May 8, 1985.
Although Samuel Hutchins, Charles' personal representative, was aware that Luta had made the election, he failed to file the petition for determination. See Fla.R.P. & G.P. 5.360; § 732.214, Fla. Stat. (1985). When Hutchins visited Luta in the hospital he did not give her any indication that he had not filed the petition or that he planned to oppose her right to an elective share. Instead, he waited until after Luta's death to file an Objection to the Election for Elective Share. In support of his motion, Hutchins alleged in effect that because Luta was now deceased she was not entitled to the share. The trial court indicated that Hutchins' pleading was improper, and since Hutchins would not file the proper pleading, the court agreed to have Smail, Luta's personal representative, file the petition for an elective share determination. Smail filed the petition which the court denied on the bases that Smail lacked standing and that the elective share is intended to benefit the surviving spouse rather than his or her heirs. Smail appeals.
At the outset, we believe it is necessary to clarify the distinction between filing an election and filing the petition for determination of an elective share. The near-universal rule is that an election is personal and may only be exercised by the surviving spouse during his or her lifetime. See Annot., 83 A.L.R.2d 1077 (1962 & Supp. 1979). This is not the case with the filing of a petition for determination of the elective share. If the surviving spouse dies after validly exercising her right to election and after giving notice to the court and all interested parties, the personal representative, acting on the deceased's behalf, may file the petition for an elective share determination. See In re McCutcheon's Estate, 283 Pa. 157, 128 A. 843 (1925) (applying the principle to a dower election); In re Buckland's Estate, 239 Pa. 608, 86 A. 1098 (1913) (same).
The right to share in the decedent's estate is not lost if the surviving spouse dies after the election but before the court determines the amount of the elective share. See In re Estate of Hiley, 262 So.2d 476 (Fla. 4th DCA 1972). The In re Estate of Hiley court indicated that "[w]hen a competent widow chooses to elect dower she has done all she is required to do and the situation becomes fixed with the following procedures relatively mechanical and prescribed." In re Estate of Hiley, 262 So.2d at 478. Since the right to election is a factor common to both the dower and elective share schemes, we see no reason why the In re Estate of Hiley reasoning should not apply equally to the elective share. Cf. Allen v. Guthrie, 469 So.2d 204 (Fla.2d DCA 1985) (analogizing dower and elective share timely filing requirement); In re Estate of Anderson, 394 So.2d 1146 (Fla. 4th DCA 1981) (acknowledging that the dower principle that election is for surviving spouse's benefit continues under elective share scheme).
*303 Neither Florida Rule of Probate and Guardianship Procedure 5.360 nor section 732.214, Florida Statutes (1985) prevents Smail from filing the petition for determination on behalf of Luta Ellis' estate. Once Luta Ellis filed her election, the filing of the determination petition was a mechanical, prescribed act which was validly accomplished by Smail acting in his representative capacity. Acting in that capacity, Smail had standing to file the petition to enforce Luta's right to an elective share. See §§ 733.612(20), 46.021, Fla. Stat. (1985).
In addition, appellee owed Luta a duty to file the petition to determine the elective share. See Menz v. In re Estate of Menz, 381 So.2d 375 (Fla. 1st DCA 1980); see also Fla.R.P. & G.P. 5.360(a) ("If the surviving spouse files an election for elective share, the personal representative shall file a petition to determine the amount of the elective share... .") (emphasis added). Since Luta could have filed the petition if appellee refused to do it, see Fla.R.P. & G.P. 5.360(a); § 732.214, Fla. Stat. (1985), her right to enforce her elective share cannot be thwarted by Hutchins' inaction or by her death where Hutchins had given her no inkling that he had not filed the petition or that he had no intention of doing so.
Finally, we address appellee's contention that Luta Ellis' estate is not entitled to an elective share because such a result would benefit her heirs rather than provide support for a surviving spouse. While this argument has been recognized to prevent a personal representative from exercising a deceased "surviving" spouse's election, see In re Estate of Anderson, the reasoning is unavailing here. That heirs of a surviving spouse may benefit from an election is not determinative. What is determinative is whether the surviving spouse validly exercised the election. Merely because a surviving spouse's heirs may benefit from an election is no reason to deny the surviving spouse's statutory right to choose the elective share. If a surviving spouse dies shortly after receiving the elective share the heirs will most certainly be the primary beneficiaries of the election. This result, however, has no bearing on the surviving spouse's right to an elective share. Since we find that Smail, as personal representative, has standing to file the petition for elective share determination, we reverse and remand for further proceedings consistent with this opinion.
Reversed and remanded.