## IN RE: ESTATE OF LOUIS D. TENERELLI; ESTATE OF LILLIAN G. TENERELLI

Case Nos. 86-2632 CP and 87-3140 CP

Fifteenth Judicial Circuit, Palm Beach County

August 12, 1988

**OPINION OF THE COURT**

VAUGHN J. RUDNICK, Circuit Judge.

*ORDER DENYING RELIEF FROM ORDER REQUIRING DETERMINATION AND PAYMENT OF ELECTIVE SHARE*

Louid D. Tenerelli died testate July 27, 1986, survived by his widow, Lillian G. Tenerelli and two children, Donald and Paula. At the time of his death Lillian had been declared legally incompetent and her guardianship case was being administered by this court.

On December 4, 1986, Lillian's guardian, The Harris Trust Company, filed an intention to take elective share on her behalf as provided by Florida Statute 732.210.

Son, Donald, objected to the election and a contested hearing was held resulting in this court entering its order of April 24, 1987 determining the elective share was in the best interest of Lillian G. Tenerelli. Son, Donald, appealed this order to the Fourth District Court of Appeal resulting in a per curiam affirmance entered on June 29, 1988.

In the interim, on August 11, 1987 during the pendency of the appeal, Lillian G. Tenerelli died; her death taking place approximately three and one-half months after the trial court entered its order determining the elective share was in her best interest.

Son, Donald, after the appellate court affirmed the trial court filed a motion pursuant to Fla. R. Civ. P. 1.540(b)(5) seeking a judicial determination that it is unjust and inequitable for Lillian Tenerelli's elective share to be funded because she is now deceased.

Counsel appeared before the court, presented their memoranda of law and case citations. For the reasons set forth below, the court denies the petition. It appears the question presented to the court is one of first impression.

Florida Statute 732.210—Right of Election; By Whom Exercisable (2) provides:

"By a guardian of the property of the surviving spouse. The court having jurisdiction of the probate proceedings shall determine the election as the best interests of the surviving spouse required."

Our appellate courts on three separate occasions had been called upon to make rulings on closely related questions. The Second District Court of Appeal, in the case of In re: Estate of Pearson, 192 So.2d 89 (1966) held:

"The death of an incompetent widow terminates the right to make an election to take dower on her behalf."

Factually, in that case the guardian had filed an election to take dower, however, the incompetent widow died before the trial court had an opportunity to rule upon the petition. The appellate court acknowledged the rights of an incompetent widow to dower are somewhat different than a competent widow. A competent widow has the right to file her election within the statutory period. Her decision and the basis for it are not reviewable by any authority; the dower right is personal to her and solely exercisable by her, whether she acts in her own

18

interests or not. However, such right is extinguished upon her death in the event she has not elected dower prior thereto. The court stated:

"If the competent widow dies without electing, her right to elect dies with her. So it is with the incompetent widow whose election is not made until the court makes it, acting in her place. The power to make it for her dies when the ward dies."

The Third District Court of Appeal, in the case of *Smail v Hutchins,* 491 So.2d 301 (1986) addressed the question relating to inequitable or unjust results in the enforcement of the elective share once the election was made by a competent widow, but who died prior to the actual setting aside of those assets due her upon the exercise of the election. See also, *In re: Estate of Hiley,* 262 So.2d 476 (Fla. 4th DCA 1972). Both cases stand for the same proposition. In the *Smail* case the court held:

"The right to share in the decedent's estate is not lost if the surviving spouse dies after the election but before the court determines the amount of the elective share . . . When a competent widow chooses to elect dower she has done all she is required to do and the situation becomes fixed with the following proceedings relatively mechanical and prescribed.

\* \* \*

Finally, we address appellee's contention that Luta Ellis' estate is not entitled to an elective share because such a result would benefit her heirs rather than provide support for the surviving spouse. While this argument has been recognized to prevent a personal representative from exercising a deceased's "surviving" spouse's election . . . the reasoning is unavailing here. That the heirs of a surviving spouse may benefit from an election is not determinative. What is determinative, is whether the surviving spouse validly exercised the election. Merely because a surviving . spouse's heir may benefit from an election is no reason to deny the surviving spouse's statutory right to choose the elective share. If the surviving spouse dies shortly after receiving the elective share, the heirs will most certainly be primary beneficiaries of the election."

The petitioner relies upon Fla. R. Civ. P. 1.540(b)—Mistakes, Inadvertence, Excusable Neglect, Newly Discovered Evidence, Fraud, etc:

On motion and upon such terms as just, the court may relieve a party or his legal representative from a final judgment, decree, order or proceeding for the following reasons: . . . or it is no longer

**19**

equitable that the judgment or decree should have prospective application."

Returning to the factual situation presented to this court for resolution, there remained nothing for the guardian to do in perfecting the ward's right to the elective share; for the petition had been made with trial court and it had made its ruling which has been upheld by the appellate court. Hence, there is no question the determination made by the trial court was erroneous. The rights of all parties were determined when the trial court made its ruling. To rule otherwise would subject estates to an intolerable degree of uncertainty and lack of finality. The facts of this case do not compel a different conclusion based upon Fla. R. Civ. P. 1.540(b)(5). It is thereupon,

ADJUDGED Motion for Rule 1.540(b)(5) Relief from Order Requiring Determination and Payment of Elective Share to Lillian G. Tenerelli, Deceased, is denied.

ORDERED August 12, 1988 at West Palm Beach, Palm Beach County, Florida.