596 So.2d 1139 (1992)
Wallace B. HARMON, as Personal Representative of the Estate of Patsy P. Williams, deceased, Appellant,
v.
Larry T. WILLIAMS, as Personal Representative of the Estate of R. Virgil Williams, deceased, Appellee.
No. 91-01723.
District Court of Appeal of Florida, Second District.
March 18, 1992.
Rehearing Denied April 27, 1992.
*1141 Edgar M. Dunn, Jr. and Catherine G. Swain of Dunn, Webster & Swain, Daytona Beach, for appellant.
Hywel Leonard and William L. Grossenbacher of Carlton, Fields, Ward, Emmanuel, Smith & Cutler, P.A., Tampa, for appellee.
THREADGILL, Judge.
Wallace B. Harmon, personal representative of the estate of Mrs. Patsy P. Williams (Patsy), deceased, appeals a final order rendered in the administration of the estate of her deceased husband, R. Virgil Williams, striking her notice of intention to file a petition for an elective share. The effect of the order was to cause a forfeiture of Patsy's elective share. We affirm.
Seventy-one year old R. Virgil Williams, Jr. died testate at his North Carolina residence, survived by his spouse, Patsy, and two children from a previous marriage, Larry T. Williams and Sally W. Crumbley. Larry was appointed personal representative in probate court in Pasco County.
The will gave his wife Patsy a life estate in "all real property" he owned in Florida at the time of his death. The remainder in the real property plus his residuary estate was devised to his children, Larry and Sally, in equal shares. Virgil, however, owned no Florida real property at the time of his death.
Patsy's attorney filed a pleading entitled "Notice of Intention to Petition for Elective Share" within the time to file an election. The notice stated that the attorney would file a petition to determine the widow's statutory elective share, the assets from which it would be paid, and the scheduling of payments.
On the same day, the attorney filed a petition for the appointment of Wallace B. Harmon, Patsy's son by a previous marriage, as her guardian ad litem because Patsy was in a North Carolina nursing home and not capable of assisting and participating in legal proceedings in Florida due to a deteriorated physical and mental condition. No competency proceedings were pending. Four months later, Patsy's attorney filed a letter signed by Patsy's physician in North Carolina, which stated that Patsy had severe medical problems (including heart disease, respiratory tract infections, emphysema and Alzheimer's disease) and would be physically unable to travel and participate in the administration of her deceased husband's estate. The physician speculated that if she did go to Florida, her mental condition would probably preclude any "meaningful participation" in the proceedings.
A month later, the trial court appointed Patsy's son guardian ad litem. There was no hearing  thus no findings of fact or adjudication as to Patsy's competency.
Six months after the notice of intention had been filed and the time to file an election had expired, the personal representative moved to strike it. Patsy's guardian ad litem immediately filed a written election executed by both himself and Patsy's attorney. The trial court heard argument and granted the motion to strike. The trial court held the notice of intention insufficient to constitute an election and the election filed by the guardian ad litem untimely. Although the order cites no grounds, the oral pronouncements at the hearing include statements that the notice was defective because Patsy had not personally signed it.
On rehearing, the trial court ruled that the notice of intention "did not set forth the statutory requirements" and that it was "invalid" because it had been signed by Patsy's attorney of record but not by the spouse.
First, we dispose of the question concerning the validity of the election by the guardian ad litem. The trial court held the election invalid because it was untimely. This ruling is supported by our decision in Allen v. Guthrie, 469 So.2d 204 (Fla. 2d DCA 1985), which held that equitable considerations may not be used to enlarge the four-month statutory period for a surviving spouse to elect a statutory share.
The main issue on appeal is whether the notice of intention to file a *1142 petition for an elective share could be construed as a widow's election pursuant to section 732.210, Florida Statutes (1989). We conclude that it cannot. Although the parties debate the issue of Patsy's competency to contract, we do not address it because her incompetency was never established by due process of law, and she is thus presumed competent. § 90.601, Fla. Stat. (1989); Zabrani v. Riveron, 495 So.2d 1195 (Fla. 3d DCA 1986).
We find that the notice of intention to petition for elective share, the only document purporting to be an election that was timely filed, was defective and could not as a matter of law constitute a valid election. Although the trial court's ruling is based solely on the defective execution of the notice, we would also find that the substance of the notice does not amount to an election. The body of the notice reads:
You will please take notice that the undersigned counsel for the surviving spouse, PATSY P. WILLIAMS, will file, on behalf of the said surviving spouse, a petition to determine the statutory elective shares, the assets from which said elective share shall be paid, and the scheduling of said payments.
Thus, the notice merely recites the attorney's intention to file a petition on Patsy's behalf. An election and petition are not the same. See Smail v. Hutchins, 491 So.2d 301 (Fla. 3d DCA 1986); see also Fla.R.P. 5.360.
In Smail, the court clarified the distinction between filing an election and filing the petition for determination of elective share. The near-universal rule is that an election is personal and may only be exercised by the surviving spouse during his or her lifetime. See Annotation, Election by Spouse to Take under or Against Will as Exercisable by Agent or Personal Representative, 83 A.L.R.2d 1077 (1962). This is not the case with the filing of a petition for determination of the elective share. Once the widow files the election, the filing of the determination petition was a mechanical, prescribed act which could be exercised by the widow's attorney. See Smail, 491 So.2d at 303.
Although the trial court's order granting the motion to strike the notice of intention does not address the substance of the notice, it found the notice ineffective as an election because it was not signed by the surviving spouse.
We conclude that the trial court was correct in ruling that the signature of an attorney at law may not constitute the act of the surviving spouse for an election. Section 732.210, Florida Statutes (1989), provides that the right of election may be exercised by the surviving spouse or the guardian of her property.[1] The right of election is personal. See Smail, 491 So.2d at 302. Although there appears to be no law on the issue in Florida, authority in other jurisdictions is split as to whether the right may be exercised by an agent, such as an attorney at law, on behalf of the surviving spouse. Annotation, 83 A.L.R.2d at 1077. Notwithstanding the split of authority the statute unambiguously requires a competent surviving spouse to make the election. § 732.210, Fla. Stat. (1989); see Smail, 491 So.2d at 302.[2]
As Patsy was never declared incompetent the provision in the statute pertaining to execution by a guardian of the property is not relevant here. We note as an aside that a guardian ad litem is, by definition, not authorized to exercise control and dominion over the ward's property as does a guardian of the property. See § 744.102(9), Fla. Stat. (1989). Thus, neither the attorney acting as agent nor the guardian *1143 ad litem's signature could satisfy the statute.
We distinguish In re Estate of Schriver, 441 So.2d 1105 (Fla. 5th DCA 1983), which held that an attorney-in-fact under a durable power of attorney with unlimited authority could exercise the principal's right to an elective share. See § 709.08, Fla. Stat. (1989). Property subject to a durable power of attorney includes all real and personal property of the donor. Id. An attorney at law, on the other hand, has neither express nor implied authority to make independent decisions concerning the disposition of a client's property.
The appellant also alleges that the personal representative violated his fiduciary duty in moving to strike the notice of intention. A personal representative is prohibited from taking a position for or against the award of an elective share. See Fla.R.P. 5.360 (committee note). Thus, the question arises whether Patsy would have received an elective share notwithstanding that it was invalid had the personal representative not contested it. The trial court found that the personal representative, although a beneficiary under the will, did not make the motion for personal gain but to obtain the court's guidance in the administration of the estate. This finding is supported by the record; thus, there is no basis upon which we may find an abuse of discretion.
We therefore affirm the order striking the notice of intention to file a petition for elective share.
In light of our decision, we need not discuss the appellant's remaining issues on appeal.
Affirmed.
PARKER, J., concurs specially.
CAMPBELL, A.C.J., dissents with opinion.
PARKER, Judge, concurring.
I concur with the result reached by Judge Threadgill. Although I agree with Judge Campbell that a motion to strike the Notice of Intention to Petition for Elective Share was not the proper motion to file, it is of no consequence to the outcome of this case, as will be discussed below. Further, in my opinion, it is unnecessary for this court to address whether an attorney can sign and file an election for his client to take an elective share because in this case no timely election was made.[3]
The probate rules state that the surviving spouse who seeks to take an elective share shall file a copy of the election, together with a notice of election, and serve the same on interested persons. Fla.R.P. 5.360. Florida law limits the time of election to four months from the date of first publication of notice of administration. § 732.212, Fla. Stat. (1989). In this case, I believe the Notice of Intention to Petition for Elective Share, filed by the attorney of the surviving spouse, as the only paper addressing the elective share filed during the authorized four-month window, accomplished nothing and certainly did not serve as an election. I disagree with Judge Campbell that Mrs. Williams now may file an amendment which could relate back to the filing date of the notice. Finally, in my opinion, the trial court, without the motion to strike and after the four-month period had expired, could have ruled the paper filed was not sufficient to authorize the payment of the elective share.
CAMPBELL, Acting Chief Judge, dissenting.
I would reverse the order granting the motion to strike as I conclude "striking" the pleading without allowing the right to amend was not proper. A motion to strike a pleading in its entirety is addressed to sham pleadings. Fla.R.Civ.P. 1.150.
*1144 The court in Slatko v. Virgin, 328 So.2d 499, 500 (Fla. 3d DCA 1976), held in regard to a motion to strike as follows:
Pursuant to this rule and its predecessor, it has been held that in order to justify the striking of a pleading for being sham or false, it must be so undoubtedly false as not to be subject to a genuine issue of fact. In other words, a pleading may be stricken as a sham only where it is shown to be palpably or inherently false. A hearing on a motion to strike is not a hearing to try the issues but to determine whether there are any genuine issues to be tried. Meadows v. Edwards, Fla. 1955, 82 So.2d 733; Guaranty Life Ins. Co. of Florida v. Hall Bros. Press, 138 Fla. 176, 189 So. 243; Rhea v. Hackney, 117 Fla. 62, 157 So. 190; Sapienza v. Karland, Inc., Fla.App. 1963, 154 So.2d 204, and see 25 Fla.Jur., Pleadings §§ 33 and 133.
A motion to strike should not be granted because of inartful pleadings or correctable omissions. Moreover, I find that Florida Probate Rule 5.020(a) provides that "[p]leadings shall be signed by the attorney of record, and by the pleader when required by these rules." The rules did not require Mrs. Williams to sign her notice of intent to petition for elective share. The majority interprets section 732.210, Florida Statutes (1989), as "unambiguously" requiring a competent surviving spouse to make the election. As I read section 732.210, it says the right of election "may" be exercised by the surviving spouse or a guardian of the property of such a spouse. That statute being permissive rather than mandatory, I conclude that Rule 1.150 permits such a filing by an attorney. I would reverse and remand this case and would direct the trial court to permit amendments to Mrs. Williams' election and to thereupon proceed.
NOTES
[1] § 732.210, Fla. Stat. (1989): Right of election; by whom exercisable.  The right of election may be exercised: (1) By the surviving spouse. (2) By a guardian of the property of the surviving spouse. The court having jurisdiction of the probate proceedings shall determine the election as the best interests of the surviving spouse require.
[2] Florida Rule of Probate 5.020(a) provides that pleadings shall be signed by the attorney of record, and by the pleader when required by the rules of probate. We do not believe that it is applicable to an election. An election is a right that comes into being by the terms of the statute creating it. See Allen v. Guthrie, 469 So.2d 204, 205 (Fla.2d DCA 1985).
[3] I note in a publication of The Florida Bar that the form for an election to take elective share provides a separate signature line both for the surviving spouse and for the attorney of the surviving spouse. See R. Kelly, The Florida Bar Probate System, at 5.126-.127 [Pleading Form No. 91] (2d ed. 1990).