615 So.2d 681 (1993)
Wallace P. HARMON, Petitioner,
v.
Larry T. WILLIAMS, Respondent.
No. 79667.
Supreme Court of Florida.
March 18, 1993.
Edgar M. Dunn, Jr. and Catherine G. Swain of Dunn, Abraham, Swain and Dees, Daytona Beach, for petitioner.
Alan C. Sundberg, Tallahassee, and Hywel Leonard, of Carlton, Fields, Ward, Emmanuel, Smith & Cutler, P.A., Tampa, for respondent.
KOGAN, Judge.
We have for review Harmon v. Williams, 596 So.2d 1139 (Fla. 2d DCA 1992), in which the Second District Court of Appeal certified its decision as being in possible conflict with In re Estate of Schriver, 441 So.2d 1105 (Fla. 5th DCA 1983). We have jurisdiction, article V, section 3(b)(4), Florida Constitution, and approve the decision below.
On September 16, 1989, R. Virgil Williams, Jr. died testate, survived by his spouse, Patsy, and two children from a previous marriage. Virgil's son, Larry Williams, was appointed personal representative. The will gave Patsy a life estate in "all real property" Virgil owned in Florida. The remainder in the real property plus the residuary estate was devised to Virgil's two children. Virgil owned no property in Florida at the time of his death.
Patsy's attorney filed a pleading entitled "Notice of Intention to Petition for Elective Share." This notice was filed within the time limit to file an election under section 732.212, Florida Statutes (1989). On the same day the notice was filed, Patsy's attorney filed a petition for the appointment of Wallace Harmon, Patsy's son, as guardian ad litem alleging that Patsy was in a North Carolina nursing home and was not capable of assisting and participating in the proceedings due to her physical and mental condition. No competency proceedings *682 were pending at the time. Some five months after the petition for appointment was filed, Patsy's son was appointed guardian ad litem. However, there was no hearing and no adjudication as to Patsy's competency.
Six months after the notice of intention had been filed and after the time to file an election had expired, the personal representative of Virgil's estate moved to strike the notice. Patsy's guardian ad litem filed a written election executed by both the guardian and Patsy's attorney. The trial court granted the motion to strike, ruling that the notice of intention was insufficient to constitute an election and the election filed by the guardian ad litem was untimely. On rehearing, the trial court ruled that the notice of intention "did not set forth the statutory requirements" and that it was invalid because neither Patsy nor her guardian had signed it. The order striking the notice of intention resulted in a forfeiture of Patsy's elective share.
Patsy died after the ruling. Patsy's son, as personal representative of her estate, appealed the order striking the notice of intention. The district court affirmed. Judge Threadgill concluded that "the notice of intention to petition for elective share, the only document purporting to be an election that was timely filed, was defective and could not as a matter of law constitute a valid election." 596 So.2d at 1142. Judge Threadgill agreed with the trial court that the notice was ineffective as an election because it was not signed by the surviving spouse. However, he also found that "the substance of the notice does not amount to an election" because "the notice merely recites the attorney's intention to file a petition on Patsy's behalf." Id. Judge Parker, concurring specially, agreed that the notice of intention to petition for elective share "did not serve as an election."
On rehearing, the second district certified its decision affirming the order striking the notice as being in possible conflict with In re Estate of Schriver, which held that an attorney-in-fact under a durable family power of attorney could exercise the principal's right to an elective share. Review was granted to resolve the apparent conflict on the issue of whether one other than the surviving spouse or guardian of the surviving spouse's property may execute an election.
It is generally accepted that the right of election is personal to the surviving spouse. See Smail v. Hutchins, 491 So.2d 301, 302 (Fla. 3d DCA 1986); W.W. Allen, Annotation, Election by Spouse to Take Under or Against Will as Exercisable by Agent or Personal Representative, 83 A.L.R.2d 1077 (1962 & Supp. 1991). By statute, this right may be exercised by the spouse or by the guardian of the property of the surviving spouse. Section 732.210, Florida Statutes (1989), provides:
The right of election may be exercised:
(1) By the surviving spouse.
(2) By a guardian of the property of the surviving spouse. The court having jurisdiction of the probate proceeding shall determine the election as the best interests of the surviving spouse require.
The court in In re Estate of Schriver held that the donee of a durable family power of attorney could sign an election, thereby exercising the donor's right to an elective share under subsection (1) of the statute. The court reasoned that this was so because "according to the terms of the power of attorney [at issue in that case] and the statute governing powers of attorney, the act of the donee is the act of the surviving spouse." 441 So.2d at 1107.
Patsy's personal representative maintains that under Florida rules and general principles of agency applicable to attorneys of record, an attorney at law is likewise authorized to sign a written election on behalf of a client. We cannot agree.
While the acts of an attorney-in-fact given unlimited authority under a durable family power of attorney[1] properly may be considered the acts of the surviving spouse for purposes of section 732.210(1), the attorney *683 in this case did not have a similar grant of authority. As recognized by Judge Threadgill below, unlike an attorney-in-fact with unlimited authority, an attorney at law "has neither express nor implied authority to make independent decisions concerning the disposition of a client's property." 596 So.2d at 1143; cf. Noeling v. State, 87 So.2d 593, 598 (Fla. 1956) (attorney may not waive substantive rights of client).
We also agree with the district court below that even if the attorney had the authority to sign an election on behalf of Patsy, the "Notice of Intention to Petition for Elective Share" did not constitute an election under chapter 732. The notice stated:
You will please take notice that the undersigned counsel for the surviving spouse, PATSY P. WILLIAMS, will file, on behalf of the said surviving spouse, a petition to determine the statutory elective shares, the assets from which said elective share shall be paid, and the scheduling of said payments.
It is clear from the language of the notice that Patsy's attorney was simply giving notice that a petition to determine the elective share would be filed at a later date. A petition to determine the elective share is not an election, see Fla.Prob.R. 5.360; Smail, and neither was the notice of intention to file such petition.
Accordingly, we approve the decision under review.[2]
It is so ordered.
BARKETT, C.J., and McDONALD, SHAW, GRIMES and HARDING, JJ., concur.
OVERTON, J., dissents with an opinion.
OVERTON, Judge, dissenting.
In my view, the wife has been cheated out of the elective share of her husband's estate even though a notice, albeit in improper form, was timely filed on her behalf. This result is due in part to her physical condition and in part to this Court's insistence on strictly enforcing a notice requirement. The wife of the decedent was in a nursing home in North Carolina and was of questionable competence at the time her claim to an elective share of her husband's estate should have been filed. She has been denied her elective share by the enforcement of technical form over substance. While the wife's lawyer did not technically comply with the form of the elective notice, the notice of a claim was timely filed by the lawyer, and her intent was clear. I see no reason whatsoever why the wife should not have been afforded a specific time period in which to properly amend the notice of intention to petition for elective share.
NOTES
[1] See § 709.08, Fla. Stat. (1989).
[2] We also approve the decision of the Fifth District Court of Appeal in In re Estate of Schriver to the extent it is consistent with this opinion.