766 So.2d 387 (2000)
Babette HOLMES and John W. Persse, Esquire, Appellants,
v.
Charla McNally BURCHETT, Esquire, and Lutheran Services Florida, Appellees.
No. 2D00-335.
District Court of Appeal of Florida, Second District.
August 9, 2000.
Babette Holmes, pro se, Sarasota.
John Persse, pro se, Sarasota.
*388 Matthew B. Mayper of Fergerson Skipper, Shaw, Keyser, Baron & Tirabassi, P.A., Sarasota, for Respondent Lutheran Services Florida.
Susan J. Silverman, Sarasota, for Respondent Charla McNally Burchett.
PER CURIAM.
Petitioners Babette Holmes and John Persse seek certiorari review of a trial court order confirming the appointment of Charla McNally Burchett to serve as Holmes' counsel in incapacity and guardianship proceedings regarding Holmes. The order precluded Persse from continuing his representation of Holmes, despite Holmes' written notice substituting Persse as her counsel. By prior unpublished order, we granted the petition for writ of certiorari, vacated the trial court's order,[1] and advised that this opinion would follow.
Neel R. Zoss filed a petition to appoint a guardian and to determine Holmes' incapacity. The petition stated that Holmes suffered from confusion, memory loss, and had a complete lack of understanding of her finances or the documents she was signing. The trial court appointed Burchett to represent Holmes in the incapacity and guardianship proceedings.[2]
After the court's appointment of Burchett, Holmes filed a written notice of substitution of counsel pursuant to section 744.331(2)(a), Florida Statutes (1999). That statutory provision states, "[t]he alleged incapacitated person may substitute her or his own attorney for the attorney appointed by the court." § 744.331(2)(a). Holmes' notice stated that she was substituting Persse in place of Burchett as her counsel.
Upon receiving the notice, Burchett filed a petition to confirm her appointment as Holmes' counsel. After holding a hearing on the petition, the trial court found that Holmes did not have the capacity to contract and obtain additional counsel until further order of the court. The court also precluded Persse from any further representation of Holmes.
The trial court made these rulings without holding an adjudicatory hearing and without making findings based on clear and convincing evidence that Holmes was incapacitated with respect to the exercise of her right to contract and engage counsel as required by sections 774.331(5) and 774.331(6), Florida Statutes (1999). Moreover, the trial court did not make factual findings with respect to the exact nature and scope of her incapacity as required by these same statutory provisions. We conclude that, under the particular circumstances of this case, this constitutes a departure from the essential requirements of law which cannot be remedied on plenary appeal.
In Harmon v. Williams, 596 So.2d 1139, 1142 (Fla. 2d DCA 1992), approved, 615 So.2d 681 (Fla.1993), this court held that a person is presumed competent to contract unless incompetency is established by due process of law. Cf. In re Guardianship of Bockmuller, 602 So.2d 608, 609 (Fla. 2d DCA 1992) (holding right to contract was removed by order determining ward's incapacity). Here, by failing to conduct an adjudicatory hearing before finding that Holmes did not have the capacity to contract and retain counsel of her choice, the trial court failed to establish Holmes' incapacity by due process of law. Cf. In re Fey, 624 So.2d 770, 772 (Fla. 4th DCA 1993) (holding compliance with requirements of section 744.331 to be mandatory and failure to adhere to those requirements constituted error of fundamental proportions).
This requires us to issue the writ and vacate the trial court's order confirming *389 Burchett's appointment as counsel.[3] Because Holmes is presumed competent to contract, on remand, the trial court shall permit Holmes to substitute Persse as her counsel of choice pursuant to the written notice of substitution she filed. The stay of proceedings previously entered by this court is lifted. The trial court shall proceed forthwith to a determination in the incapacity proceeding.
Petition granted; trial court's order vacated.
THREADGILL, A.C.J., and STRINGER and DAVIS, JJ., Concur.
NOTES
[1] We also vacated an earlier order appointing Burchett to serve as Holmes' counsel which followed from our decision to vacate the order confirming Burchett's appointment.
[2] By separate order, the trial court appointed Lutheran Services Florida as emergency temporary guardian of Holmes. That order is not at issue in this proceeding.
[3] Holmes and Persse also claim that Burchett cannot be appointed to serve as Holmes' counsel due to Burchett's representation of Lutheran Services Florida in other cases. Pursuant to section 744.331(2)(b), "any attorney representing the alleged incapacitated person may not serve ... as counsel for the guardian of the alleged incapacitated person or the petitioner." Although we are troubled by this apparent conflict of interest, because we have vacated the trial court's order confirming Burchett's appointment, we do not reach this issue.