IN THE DISTRICT COURT OF APPEAL
FIRST DISTRICT, STATE OF FLORIDA

LILLIE CAMPBELL,

      Petitioner,

v.

ROGER E. CAMPBELL; JAMES
E. CAMPBELL; ANTHONY W.
CAMPBELL; RICHARD L.
CAMPBELL; RAYMOND L.
CAMPBELL; NELDA K. WHITE;
and RICHARD D. CSEREP,
ESQUIRE,

      Respondents.

_____/

NOT FINAL UNTIL TIME EXPIRES TO
FILE MOTION FOR REHEARING AND
DISPOSITION THEREOF IF FILED

CASE NO. 1D17-0074

Opinion filed May 16, 2017.

Petition for Writ of Mandamus -- Original Jurisdiction.

Gregory D. Smith of Gregory D. Smith, P.A., Pensacola, for Petitioner.

No appearance for Respondents.


MAKAR, J.

      The trial court appointed Richard Cserep, Esq., to represent Lillie Campbell in

an incapacity proceeding filed by her son, but for months Mr. Cserep never contacted

her or made her aware of the matter, prompting Ms. Campbell and her daughter to

meet with attorney Gregory Smith who thereafter filed a notice of appearance on Ms.

Campbell's behalf shortly before a scheduled hearing. That same day, the trial court entered an order deeming the notice ineffective (saying a motion for substitution of counsel should have been filed) and barring Mr. Smith from accessing the e-portal to the case. The trial court also held that it "will not entertain a substitution of counsel motion until the incapacity petition has been heard in order to determine whether the alleged incapacitated person had the ability to contract with a new attorney." The hearing was continued.

In the interim, Mr. Smith hand delivered a written motion for substitution of counsel to the trial court and clerk, but it was stamped "REFUSED—Return to sender Santa Rosa is now 'PAPERLESS' Everything must be e-filed." On behalf of Ms. Campbell, he now petitions for a writ of mandamus to compel the trial court to accept and rule upon his motion for substitution of counsel.

Florida law requires that an attorney be appointed for persons alleged to be incapacitated, but it also provides that an attorney of choice may be substituted:

> (b) The court shall appoint an attorney for each person alleged to be incapacitated in all cases involving a petition for adjudication of incapacity. *The alleged incapacitated person may substitute her or his own attorney for the attorney appointed by the court.*

§ 744.331(2)(b), Fla. Stat. (2016) (emphasis added). As the emphasized language makes clear, Ms. Campbell has a clear legal right to have counsel of her own choosing. She also has the right to have her motion for substitution be heard as soon as possible; it would deny her due process, for example, to wait until the final adjudication of her

2

status overall.[1] As to the determination of a person's capacity to contract for legal counsel, the Second District has held that "a person is presumed competent to contract unless incompetency is established by due process of law." Holmes v. Burchett, 766 So. 2d 387, 388 (Fla. 2d DCA 2000) (citing Harmon v. Williams, 596 So. 2d 1139, 1142 (Fla. 2d DCA 1992), approved, 615 So. 2d 681 (Fla.1993)). Holmes lays out the specifics of an adjudicatory hearing on a motion for substitution and the factual findings necessary to show that an individual is "incapacitated with respect to the exercise of her right to contract and engage counsel," which may be a more limited inquiry than the full scope of the underlying petition. 766 So. 2d at 388.

Because Ms. Campbell, through her counsel on appeal,[2] has shown entitlement to the relief requested, the clerk of the circuit court is directed to accept the motion for substitution of counsel for filing and the trial court is directed to hold proceedings on the motion consistent with section 744.331, Florida Statutes.

WOLF and M.K. THOMAS, JJ., CONCUR.

---

[1] On the record presented, the initial appointment of Mr. Cserep was timely but thereafter resulted in no client contact whatsoever thereby justifying Ms. Campbell seeking competent counsel to represent her interests in the imminent proceedings. Mr. Cserep's lack of diligence is little different in its impact on the client than a trial court's failure to appoint counsel until commencement of a final hearing, which is "error of fundamental proportions." In re Fey, 624 So. 2d 770, 772 (Fla. 4th DCA 1993). Mr. Cserep has had a number of appeals dismissed in this Court in the past 18 months due to a similar lack of diligence. See, e.g., J.O. v. DCF, 16-529; T.D. v. DCF, 15-5935.

[2] No party has filed a response in this proceeding or objected to Mr. Smith's representation of Ms. Campbell.